Jordan M. Cohen (State Bar No. 167678)
Email: jcohen@thecohenlawfirm.net
Roy E. LaFrancis, Jr. (State Bar No. 213363)
Email: rlafrancis@thecohenlawfirm.net
THE COHEN LAW FIRM
10650 Treena Street, Suite 203
San Diego, California 92131
Telephone 858-689-4736
Facsimile 858-689-9278

Attorneys for Plaintiff
TERESA WYATT, Individually and On
Behalf of All Others Similarly Situated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA WYATT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP, A Delaware General Partnership d/b/a VERIZON WIRELESS,<br><br>Defendant. | Case No.: 07-CV-2265 JM CAB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]**<br><br>**Violations of California Civil Code Sections 1750 et seq. and California Business and Professions Code 17200 et seq., California Civil Code Section 1790 et seq., and Breach of Implied Warranty (California Commercial Code Section 1234)** |

Plaintiff, TERESA WYATT ["WYATT"], on behalf of herself and all others similarly situated, all to the best of her knowledge, information, and belief formed after an investigation reasonable under the circumstances, which facts are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, except for information identified herein based on personal knowledge, hereby alleges against Defendant CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS ["VERIZON"] as follows:

///

///

1

## NATURE OF ACTION

1.     VERIZON, is a major cellular phone hardware/service provider.  VERIZON has wrongfully and unfairly deceived its customers by advertising and selling the expensive BlackBerry 8830 Smartphone (hereinafter the "BlackBerry 8830") with the express and implied promise that these phones were original and unaltered and had a built-in Global Positioning System (hereinafter "GPS"), with its navigation and tracking capabilities, while having had no intention of selling the 8830 with GPS.   Instead, prior to selling the BlackBerry 8830 to its customers, VERIZON intentionally altered and disabled the 8830's native GPS so that the BlackBerry 8830 could not provide GPS navigation and tracking.  GPS navigation and tracking are inherent features of the 8830 as manufactured by BlackBerry.  The GPS on the BlackBerry 8830 in its unaltered, original and native state is capable of being used in conjunction with BlackBerry Maps (which is provided with the 8830 as part of the purchase price) or many free third-party programs such as Google Maps.

2.     VERIZON advertised and continues to advertise the BlackBerry 8830 as a new, unaltered, original brand name BlackBerry 8830.   VERIZON and BlackBerry promoted the BlackBerry 8830 as a phone with native, built-in GPS and other fully functional BlackBerry features, such as BlackBerry Maps.  The representations of VERIZON were false in that VERIZON provided its customers with BlackBerry 8830s without GPS due to the fact that VERIZON disabled the GPS prior to sale thus, altering the product.  VERIZON never informed its customers that the products it was selling to them were not in original condition but were in fact altered in the manner described herein.

3.     After months of false and misleading advertising promotion and fraudulent sales,

FIRST AMENDED CLASS ACTION COMPLAINT

VERIZON has now offered to *partially* restore the BlackBerry 8830. However, VERIZON only allows its customers GPS navigation and tracking if they subscribe to VERIZON's proprietary service package. VERIZON charges $240 over the term of the standard customer contract for its new proprietary GPS navigation and tracking service. In short, VERIZON's conduct, as set forth herein, was part and parcel of the wireless carrier's scheme to lure consumers into buying the BlackBerry 8830 device that featured the latest mobile phone/PDA technology device, including built-in GPS. Once purchased, the customer was left with a mobile phone/PDA device that was substandard, altered and substantially and materially different from what was represented. Then, in order to use the BlackBerry 8830, VERIZON forced its customers to subscribe to its own fee-based GPS system and prohibited customers from subscribing to other less expensive or free services.

3.     VERIZON actively concealed its deception through misinformation by leaving GPS on the BlackBerry 8830 options menu screens and in User Guides accompanying the phones.

4.     VERIZON uniformly disseminated its misrepresentations and concealed that it altered and tampered with the BlackBerry 8830 prior to sale. Therefore, class members received uniform and materially false and misleading statements and/or omissions of material facts regarding the BlackBerry 8830s.

5.     VERIZON's conduct, as alleged herein, violated the California Consumers Legal Remedies Act, Cal. Civ. Code Sec. 1750, *et seq.* ["CLRA"]; California's Unfair Competition Law, Cal. Bus. & Prof.Code Sec. 17200, *et seq.* ["UCL"]; California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code Sec. 1790, *et seq.*, breached implied warranties, and constituted false and misleading advertising. Plaintiff therefore brings this class action under California law for injunctive relief and to recover compensatory, statutory, and punitive damages, and fees and costs, as well as restitution and other equitable relief from VERIZON as a result of its illegal scheme.

FIRST AMENDED CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

7.    Jurisdiction and venue in this Court are based upon Section 1332 of Title 28 of the United States Judicial Code (28 U.S.C. Sec. 1332) as amended by The Class Action Fairness Act of 2005 (ACAFA), Pub. Law 109-2 (Feb.18, 2005).    The Class involves more than 100 persons.    28 U.S.C. Sec. 1332(d)(5)(A).    The aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000.    28 U.S.C. Sec. 1332(d)(2).    Plaintiff is a resident of California, and Defendants are residents of other states not including California.    Therefore, minimal diversity of the opposing parties is present as required under CAFA. 28 U.S.C. Sec. 1332(d)(2)(A).

8.    In connection with the acts and course of conduct alleged in this Complaint, VERIZON both directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mails and interstate telephone communications, to engage in the conduct at issue herein.

9.    Venue is proper in this District under Secs. 1391(a) and 1391(c) of Title 28 of the United States Code, as well as Section 1780(c) of the California Civil Code, because a substantial part of the acts and conduct charged herein, including the promotion, use, sale, marketing and/or distribution of the phones and services at issue, occurred in this District, as did the issuance of materially false and misleading representations.    Plaintiff and numerous Class members purchased BlackBerry 8830s from VERIZON in this venue and were thereby injured and subjected to irreparable harm in this venue.    VERIZON received substantial compensation and profits from sales of such products in this venue.    Thus, VERIZON's liability arose in substantial part in this District. Plaintiff and numerous Class members used the phones substantially or primarily in this District. VERIZON is also registered to do business, and in fact does substantial business, in this District.

////

FIRST AMENDED CLASS ACTION COMPLAINT

## THE PARTIES

10.     Plaintiff, Teresa WYATT, is a natural person and resides in San Diego, California.

11.     Defendant CELLCO PARTNERSHIP, is a Delaware General Partnership, with its principal place of business located in Bedminster, New Jersey, does business as VERIZON WIRELESS ["VERIZON"] and is the #2 U.S. wireless phone operator serving nearly 61 million customers nationwide. VERIZON offers mobile voice services, including push-to-talk (PTT) walkie-talkie style service. Other service offerings include text and picture messaging, multimedia content (V CAST), and mobile Web services. VERIZON began operations in 2000 when Bell Atlantic and Vodafone combined their U.S. wireless assets, including their PrimeCo partnership. VERIZON gained GTE's U.S. wireless operations when Bell Atlantic bought GTE to form Verizon Communications, which owns 55% of the company; Vodafone owns 45%.

12.     At all relevant times, VERIZON was engaged in the business of distributing marketing and/or selling cellular hardware and service in California under the dba of Verizon Wireless. VERIZON is authorized to do and, in fact, does business in the State of California.

13.     Whenever this Complaint refers to any act or acts of VERIZON, the reference shall also be deemed to mean that the directors, officers, employees, affiliates, or agents of the responsible defendant authorized such act while actively engaged in the management, direction or control of the affairs of defendants, and each of them, and/or by persons who are the parents or alter egos of defendants while acting within the scope of their agency, affiliation, or employment. Whenever this Complaint refers to any act of defendants or VERIZON, the reference shall be deemed to be the act of each defendant, jointly and severally.

////

////

5

FIRST AMENDED CLASS ACTION COMPLAINT

## PLAINTIFF'S CLASS ALLEGATIONS

14.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all others similarly situated as representative members of the following proposed Class:

> All persons in California (and such other states as the Court may find appropriate) who purchased one or more BlackBerry 8830 Smartphones from Verizon Wireless and/or its authorized retailers. Within the Class is a subclass (the "Subclass") consisting of all members of the Class who are "consumers" as defined by Civil Code Sections 1761 and 1791. The Class and Subclass exclude defendants and their co-conspirators, subsidiaries, affiliates, officers, and employees, and the Court and its staff.

## NUMEROSITY OF THE CLASS

15.    The proposed Class and Subclass are so numerous that the individual joinder of all members in one action is not practical.  While the exact number and the identities of Class and Subclass members are not known at this time, they can be ascertained through appropriate investigation and discovery.  Plaintiff estimates the Class and its Subclass each potentially includes thousands of persons.

## TYPICALITY OF CLAIMS

16.    Plaintiff's claims are typical of the claims of the members of the Class because plaintiff and all Class members were injured by the same wrongful conduct by VERIZON as alleged herein.  Plaintiff purchased a BlackBerry 8830 Smartphone from Verizon Wireless. Plaintiff has been injured in fact and lost money or property as a result of VERIZON's conduct as alleged herein.

## EXISTENCE AND PREDOMINANCE OF
## COMMON QUESTIONS OF LAW AND FACT

17.    The common questions of law and fact raised in this litigation predominate over any questions that may affect only individual Class members.  These common questions of law and fact

FIRST AMENDED CLASS ACTION COMPLAINT

include, but are not limited to:

(a)    Whether VERIZON should be enjoined and required to make appropriate disclosures of the existence and consequences of having tampered with and altered the BlackBerry 8830 Smartphone by disabling the GPS;

(b)    Whether VERIZON misrepresented and/or concealed that the BlackBerry 8830 Smartphones they advertised, distributed and/or sold had the GPS disabled and the manner in which they were disabled;

(c)    Whether VERIZON represented that the BlackBerry 8830 Smartphones had characteristics uses and/or benefits which they did not have;

(d)    Whether VERIZON represented that the BlackBerry 8830 Smartphones it advertised, distributed and/or sold were new, brand-name BlackBerry 8830s and in original condition when, in fact, they had been altered;

(e)    Whether VERIZON inserted an unconscionable provision in its contracts;

(f)    Whether VERIZON should be enjoined to restore the BlackBerry 8830s Smartphones by re-activating the built-in GPS;

(g)    Whether VERIZON should be enjoined tampering with, altering and/or disabling the GPS on BlackBerry 8830 Smartphones;

(h)    Whether VERIZON's representations stating the BlackBerry 8830 Smartphone has built-in GPS are false, misleading and/or likely to deceive or otherwise constitute a violation of California law;

(I)    Whether VERIZON's offering the BlackBerry 8830 as new when it has in fact been altered is false, misleading and/or likely to deceive or otherwise constitutes a violation of California law;

7

(J)     Whether VERIZON failed to disclose other necessary material facts in order to make its statements not misleading for want of disclosure of such omitted facts;

(k)     Whether prohibiting use of a GPS service other than VERIZON's fee-based proprietary GPS service, VZ Navigator, constitutes a violation of California law;

(l)     Whether requiring subscription to VERIZON's fee-based proprietary GPS software, VZ Navigator, in order to reactive the built-in GPS in the BlackBerry 8830 Smartphones or restore them to their original condition is a violation of California law;

(m)     Why and when VERIZON began to disable the GPS for the BlackBerry 8830;

(n)     Whether VERIZON has improperly failed to notify actual and potential buyers of the true facts;

(o)     Whether the gravity of the harm attributable to VERIZON's conduct, as alleged herein, is outweighed by any benefits attributable thereto;

(p)     The amount of revenues and profits VERIZON received or saved and/or the amount of monies or other obligations imposed on or lost by Class and Subclass members as a result of such wrongdoing; and

(q)     Whether plaintiff and other buyers are entitled to statutory, actual or exemplary damages, rescission or equitable relief and the appropriate measure of such relief.

## ADEQUATE REPRESENTATION

18.     Plaintiff will fairly and adequately protect the interests of the members of the Class in that she has no irreconcilable conflicts with or interests materially antagonistic to those of the other Class members.

19.     Plaintiff has retained attorneys experienced in the prosecution of class actions, and whom courts have previously been appointed as adequate class counsel.

8

## SUPERIORITY AND SUBSTANTIAL BENEFITS OF CLASS LITIGATION

20.     A class action is manageable and superior to other available methods for the fair and efficient group-wide adjudication of this controversy for the following reasons:

(a)     It is economically impracticable for members of the Class to prosecute individual actions against VERIZON;

(b)     Plaintiff is aware of no other litigation concerning this controversy already commenced by or against members of the Class;

(c)     The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, thus establishing incompatible standards of conduct for VERIZON;

(d)     Because of the nature of certain aspects of the relief sought, the prosecution of separate actions by individual Class members would create a risk of adjudication with respect to them that would, as a practical matter, be dispositive of the interests of the other Class or Subclass members not parties to such adjudications or would substantially impair or impede the ability of such class members to protect their interests;

(e)     It is desirable to concentrate these claims in a single forum because no member of the Class has sustained damages sufficient to warrant litigation of the claims separately; and

(f)     There are no difficulties likely to be encountered in the management of this class action.

21.     VERIZON has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

22.     Notice of the pendency of and any resolution of this action can be provided to the

9

Class members by individual mailed notice or the best notice practicable under the circumstances. VERIZON maintains regular contact with customers through its electronic messaging system and billing records and can provide them with notice of this action through that mechanism.

## FACTS

23.    Beginning since at least the Spring of 2007, VERIZON promoted the sale of new, brand-name BlackBerry 8830 Smartphones on its website and through print media. A representative advertisement is attached as Exhibit "1" to this Complaint. The promotions stated "Coming Soon!" BlackBerry 8830 World Edition Smartphone [with] built-in GPS." GPS is a term readily familiar to consumers. GPS allows one to ascertain his or her exact location on a map, provides step-by-step travel directions and tracks individual's progress and travels.

24.    Research in Motion Limited ("RIM") manufactures the BlackBerry 8830 Smartphone. At all relevant times, RIM advertised on both its website and in print media the BlackBerry 8830 Smartphone had built-in GPS.

25.    VERIZON advertised, promoted and marketed the BlackBerry 8830 Smartphone as a new, brand name phone. Such advertising, promotion and marketing conveys to the reasonable consumer that the BlackBerry 8830 Smartphone is new, unaltered and contains all of the features and functionality of unaltered BlackBerry 8830 Smartphones. VERIZON failed to disclose in its advertising, marketing and promotion that the BlackBerry 8830 Smartphones it was selling were altered or that VERIZON has specifically tampered with the phone by disabling the GPS. VERIZON concealed and intentionally failed to disclose to the Class members (1) that VERIZON had disabled the GPS in the BlackBerry 8830 Smartphones, (2) that only VERIZON could restore the phone to its original condition by re-enabling the GPS, (3) the specific means for restoring the phone to its original condition by re-enabling the GPS, and (4) if VERIZON restored the phone to

FIRST AMENDED CLASS ACTION COMPLAINT

its original condition by re-enabling the GPS, customers could obtain free navigation, mapping, and tracking, and (5) that VERIZON would only restore the phone to its original condition by re-enabling the GPS if Class members subscribed to VERIZON's fee-based proprietary software, VZ Navigator (hereinafter, (1)-(5) shall be referred to as the "Concealed Facts").

26.    In or about February 2007, Plaintiff TERESA WYATT ("WYATT") was coming to the end of her current service contract with VERIZON and was shopping for new phones and possibly a new service provider. WYATT has been a customer of VERIZON since approximately 1993.

27.    WYATT was interested in having GPS on her phone to provide her with directions and was, in fact, shopping for phones that offered built-in GPS. WYATT saw print advertisements by VERIZON offering the BlackBerry 8830 Smartphone as a GPS phone. WYATT went to the VERIZON website and BlackBerry website, and there she saw additional advertisements for the BlackBerry 8830 Smartphone. The advertisements expressly stated that the BlackBerry 8830 had a built-in GPS and that the phone would soon be available soon at VERIZON retail stores. All the advertisements she saw expressly stated or implied the phones for sale were all original brand name BlackBerry 8830.

28.    On May 26, 2007, WYATT went to her area VERIZON store. In reasonable reliance on the advertisements and the representations of VERIZON, she purchased the phone (with a two-year service plan) for $299.99, with the right to a $100 rebate. At the time she purchased the phone, WYATT did not know nor did she have reason to suspect that VERIZON had tampered with and altered the phone by disabling the GPS.

29.    On the phone itself there are two functions listed for the GPS: "locator on" and "E911." However, when WYATT went to activate navigation and tracking services BlackBerry

FIRST AMENDED CLASS ACTION COMPLAINT

Maps and Google maps, she was not able to get the services to work. Nothing on the phone, packaging or product literature that came with the phone alerted WYATT to the fact that VERIZON had tampered with the phone, disabling the GPS so that it could not operate any navigation and/or tracking service such as BlackBerry Maps or Google Maps due to a disabled GPS.

30.     WYATT contacted VERIZON and explained the problem she was experiencing. VERIZON representatives informed WYATT that the failure of the GPS to work was a "glitch." WYATT was told not to worry and that the GPS would work soon. VERIZON continued to conceal the fact it had tampered with the phone by disabling the GPS.

31.     Only well after the sale did WYATT learn that VERIZON had tampered with her phone by disabling the GPS prior to her having purchased the phone. VERIZON never informed WYATT of its conduct. WYATT also only recently learned that VERIZON would not even partially restore her phone towards its original condition by re-enabling the GPS unless she and other VERIZON customers subscribed to VERIZON's fee-based proprietary navigation, mapping and tracking program, VZ Navigator. Even then, the GPS could be used only with VZ Navigator. VERIZON's "offer" to only partially restore the BlackBerry 8830 Smartphone in exchange for an additional "fee" is the classic "bait and switch" tactic that has been illegal for years, and is contrary to VERIZON's prior representations.

32.     During the relevant time period, VERIZON disseminated uniformly similar advertisements and promotional literature for the BlackBerry 8830 Smartphones. VERIZON uniformly advertised the same offers through a variety of means, such print and electronic media and by its sales staff.

33.     VERIZON has held Class members accountable for continuing obligations that were not legally due and/or retained or collected monies that were not owed due to the false or misleading

FIRST AMENDED CLASS ACTION COMPLAINT

nature of such representations, and has failed to provide unaltered BlackBerry 8830s or returned them to their full capacity to the detriment and injury of plaintiff and members of the Class and Subclass who lost money or property and/or were injured in fact as a result thereof.

34.    As a result of the foregoing, VERIZON has systemically engaged in a series of transactions in violation of California law.

35.    VERIZON has a duty to disclose the Concealed Facts because, *inter alia*, (1) VERIZON itself considers GPS on the BlackBerry 8830 Smartphone an essential part of the product; (2) the Concealed Facts are material and known to VERIZON, but are not accessible to consumers purchasing the phones, (3) VERIZON has a duty to disclose the Concealed Facts in order to correct its false and misleading misrepresentations, and reasonable consumers are likely to be deceived in the absence of such disclosures (e.g., that the BlackBerry 8830 Smartphones being sold are new and/or that phones have built-in GPS); (4) because the concealed facts are integral to a transaction that was intended to affect WYATT and the Class, the harm to WYATT and the Class was foreseeable, and VERIZON's conduct is closely connected to the injuries suffered, and (5) the substantive legal provisions under which WYATT brings her claims herein, including without limitation California's UCL, California's CLRA, California Commercial Code impose on VERIZON a duty not to engage in unfair, fraudulent and deceptive business practices and not to conceal facts the disclosure of which is necessary to avoid violating their provisions.

36.    WYATT and the Class members had their rights infringed upon, were injured in fact and/or lost money or property as a result of VERIZON's failure to comply with its obligations imposed under the applicable laws referenced herein.

37.    WYATT and the Class members have not received a return of the improperly paid or retained monies, or a product that conforms with VERIZON's representations, despite demand

13

therefore and are currently owed such amounts or relief, plus any direct or exemplary damages, restitution, interest or other legal or equitable monetary relief required to be paid to them by law.

38.     VERIZON's failure to abide by its legal obligations is ongoing and continues to this date.

## COUNT I

**Violation of Cal. Civ. Code Sec. 1750, *et seq.***
**(The California Consumers Legal Remedies Act)**
**and Comparable Consumer Protection Laws**

39.     Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 38, inclusive and further alleges as follows:  Count I is brought against VERIZON by WYATT individually and on behalf of the Subclass only.

40.     The CLRA is a comprehensive statutory scheme prohibiting deceptive practices in connection with advertising, distribution and sale goods, property or services to consumers primarily for personal, family or household purposes.

41.     VERIZON's transactions, policies, practices, acts and/omissions as alleged herein, were intended to and/or did result in the sale of the products and services here at issue to Subclass members primarily for personal, family or household purposes.  VERIZON's transactions, policies, practices, acts and/omissions, as alleged herein, violated and continue to violate the CLRA in the following respects:

(a)     VERIZON violated Section 1770(a)(5) of the CLRA by misrepresenting and/or omitting material facts that the products and/or services in question have characteristics, benefits and/or uses that they do not have;

(b)     VERIZON violated Section 1770(a)(6) of the CLRA by misrepresenting and/or omitting material facts that products and/or services in question are original or new when they are

14

1   altered, reconditioned, or used;

2       (c)    VERIZON violated Section 1770(a)(7) of the CLRA, by misrepresenting and/or
3
    omitting material facts that the products and services in question are of a particular standard,
4
5   quality, or grade, or that goods are of a particular style or model, if they are of another;

6       (d)    VERIZON violated Section 1770(a)(9) of the CLRA by advertising the products and
7
    services at issue with the intent not to sell them as advertised or represented;

8       (e)    VERIZON violated Section 1770(a)(16) of the CLRA by represented that the
9
10  products and services were supplied in accordance with previous representations when they were
11  not; and

12      (f)    VERIZON violated Section 1770(a)(19) of the CLRA by unilaterally imposing
13
    contractual provisions in contravention of what the law required. Specifically, VERIZON inserted
14
    unconscionable provisions in an agreement, namely, a waiver of class action rights and a waiver of
15
16  the right to jury trial.

17      42.    As a result, members of the Subclass have had their legal rights infringed upon and
18  suffered irreparable harm, entitling them to both injunctive relief and restitution as detailed herein.

19      43.    In compliance with the provisions of Section 1782 of the California Civil Code,
20
    Plaintiff gave written notice to VERIZON of the intention to file an action for damages under the
21
22  CLRA.  Plaintiff also requested VERIZON offer an appropriate correction plus interest and other
23  appropriate relief to all affected consumers.

24      44.    As VERIZON refused to provide any relief to plaintiff's demands to correct, repair,
25  replace or otherwise rectify the wrongful conduct described above on behalf of herself and all
26  Class/Subclass members within thirty days after receipt of the demand, pursuant to Civil Code
27  §1782(d), and as VERIZON subsequently refused to provide any relief for plaintiff or others, or to
28  cease its unlawful practices, plaintiff now seeks for all Subclass members all actual and exemplary

FIRST AMENDED CLASS ACTION COMPLAINT

damages permitted for violations of the CLRA (and any other comparable statutes the Court finds applicable), including statutory damages of up to $1,000 per consumer and/or up to $5,000 per consumer who qualifies as a "senior citizen" under the CLRA. In addition, plaintiff continues to seek and is entitled to, pursuant to Section 1780(a)(2) of the California Civil Code, an order enjoining the above-described wrongful acts and practices of VERIZON, providing restitution and/or other appropriate equitable relief to all members of the Subclass who are so entitled, ordering the payment of costs and attorneys' fees, and such other relief as deemed appropriate and proper by the Court pursuant to Section 1780 of the California Civil Code. To the extent VERIZON claims such relief has been waived by agreement, pursuant to Section 1751 of the California Civil Code, such claims are contrary to public policy and by statute are void.

## COUNT II

**Violation of Cal. Bus. & Prof. Code 17200, *et seq*. and Comparable Consumer Protection Laws Prohibiting Unlawful, Unfair or Fraudulent Business Acts and Practices**

45.    Plaintiff hereby incorporates each and every allegation contained herein as if fully alleged herein and further alleges as follows: Count II is brought against VERIZON by plaintiff individually and on behalf of the Class.

46.    VERIZON's acts and practices as alleged herein constitute acts of unfair competition as defined by California's UCL. VERIZON has engaged in unlawful, unfair or fraudulent business acts and/or practices within the meaning of the UCL.

47.    The UCL prohibits "unlawful" business practices and proscribes "anything that can properly be called a business practice and that at the same time is forbidden by law." People v. McKale (1975) 25 Cal.3d 626, 634; Barquis v. Merchants Collection Ass'n (1972) 7 Cal.3d 94, 113.

48.    VERIZON has engaged in "unlawful" business practices by making the misrepresentations and/or omissions alleged herein. The business acts and practices alleged herein violated numerous provisions of law, including, in addition to the foregoing, and *inter alia*,

16

FIRST AMENDED CLASS ACTION COMPLAINT

Sections 1304 and 2314 of the California Commercial Code, Section 1670.5 of the California Civil Code, Sections 1709 and 1710 of the California Civil Code, the CLRA, the UCL (Section 17500 of the California Business and Professions Code), the Song-Beverly Consumer Warranty Act (Section 1790 *et seq.* of the California Civil Code), and the FTC Act, 15 U.S.C. Sec. 45(n).  Plaintiff reserves the right to identify additional violations of law as further investigation warrants.

49.    The UCL prohibits "unfair" business practices.  By engaging in the conduct alleged herein, VERIZON engaged in "unfair" business acts and/or practices.  Specifically, the justification for selling such products or services based on the business acts and practices alleged herein is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and/or offends public policy, is immoral, unscrupulous, unethical and offensive, or causes substantial injury to consumers and competitors.

50.    By engaging in the above-described conduct, VERIZON has engaged in a "fraudulent" business act or practice in that the business acts and practices described above had a tendency and likelihood to deceive, and have in fact deceived, plaintiff and other Class members to their detriment.

51.    VERIZON need only to have violated one of the three provisions set forth above to be strictly liable under this Count.

52.    VERIZON's unlawful, unfair or fraudulent business acts and practices alleged herein continue to this day and present a threat to the Class in that VERIZON has failed to comply with its previous representations, publicly acknowledge the wrongfulness of its actions and refused to provide the complete relief required by the statute.   VERIZON continues to disseminate incorrect and misleading information regarding the BlackBerry 8830 Smartphone and GPS.

53.    Pursuant to Section 17203 of the California Business & Professions Code, WYATT,

17

individually and on behalf of the Class, seeks an order of this Court prohibiting VERIZON from continuing to engage in the unlawful, unfair and/or fraudulent business acts or practices set forth in this Complaint and from failing to fully disclose the true facts as set forth herein, restoring Class members' phones to their original condition, re-enabling the GPS and/or ordering VERIZON to engage in a corrective informational campaign. Plaintiff additionally requests an order from the Court requiring that VERIZON provide complete equitable monetary relief, including that they disgorge and return or pay VERIZON's ill-gotten gains and such other monies as the trier of fact may deem necessary to deter such conduct or prevent the use or enjoyment of all monies wrongfully obtained either directly or indirectly, and/or pay restitution, including cancellation of the above obligations or the return of any monies paid to VERIZON that would not otherwise have been paid had the true facts been disclosed by VERIZON or if they had complied with their legal obligations and previous representations, plus any interest earned by VERIZON on such sums. Such an order is necessary so as to require VERIZON to surrender all money obtained either directly or indirectly through such acts of unfair competition, including all monies earned as a result of such acts and practices, so that VERIZON is prevented from benefiting or profiting from the practices that constitute unfair competition or the use or enjoyment by VERIZON of any monies resulting from the sale of such goods or services and/or to ensure the return of any monies as may be necessary to restore to any person in interest who lost money or property as a result of such acts or practices any money or property which may have been acquired by means of such acts of unfair competition. Plaintiff also requests the Court order that an asset freeze or constructive trust be imposed over all monies that rightfully belong to members of the Class. In addition, plaintiff and the Class members are entitled to reasonable attorneys' fees and litigation costs as prayed for below.

////

FIRST AMENDED CLASS ACTION COMPLAINT

## COUNT III

### Violation of Cal. Civ. Code Sec. 1790 *et seq.*,
### (The Song-Beverly Consumer Warranty Act)
### and Comparable Consumer Protection Laws

54.     Plaintiff hereby incorporates each and every allegation contained herein as if fully alleged herein and further alleges as follows:  Count III is brought against VERIZON by plaintiff individually and on behalf of the Subclass only.

55.     Pursuant to the Song-Beverly Consumer Warranty Act (Section 1790 *et seq.* of the California Civil Code) ("Song-Beverly"), the goods at issue herein (BlackBerry 8830 Smartphone) constitute "consumer goods" as defined by Section 1791(a) of Song-Beverly.

56.     Plaintiff and the Subclass members are "buyers" of "consumer goods" within the meaning of Sections 1791(a)-(b) of Song-Beverly.  VERIZON is a "seller" and "retailer" pursuant to Section 1791(l) of Song-Beverly.

57.     An implied warranty that BlackBerry 8830's were merchantable arose by operation of law as part of the sale to plaintiff and the Subclass members.

58.     VERIZON delivered the goods to the plaintiff and the Subclass members with defects and non-conformities and thereby breached its implied warranty of merchantability.  The defects and nonconformities substantially impair the value and functionality of the goods, *to wit*:

> (a)     The goods are not of the same quality as those generally acceptable in the trade;
>
> (b)     The goods are not fit for the ordinary purposes for which such goods are used;
>
> (c)     The goods do not measure up to the promises or facts stated on the container or label and

FIRST AMENDED CLASS ACTION COMPLAINT

(d)     The goods are not fit or suitable for the particular purpose for which they are used.

59.     As a result of VERIZON's breach, plaintiff and the Subclass members are entitled to damages in the amount of the purchase price, the cost of repair and/or the difference in value of what was received and what the goods are worth. Plaintiff and Subclass members are also entitled to all incidental, consequential and general damages, as well as other relief, resulting from VERIZON's failure to comply with its obligations under Song-Beverly. Plaintiff and Subclass members are also entitled to attorneys' fees and reasonable litigation costs as prayed for below.

60.     VERIZON was aware of the defects and non-conforming nature of the goods at all relevant times, and plaintiff and the Subclass members have notified VERIZON of the defects non-conformities and their right to a remedy. VERIZON has refused to provide any relief and is therefore, in violation of their duties under Song-Beverly.

## COUNT IV

**Breach of Implied Warranty and Duty of Good Faith, Cal. Comm. Code §§ 2314, 1304 and other Comparable U.C.C. Provisions**

61.     Plaintiff hereby incorporates each and every allegation contained herein as if fully alleged herein and further alleges as follows: Count IV is brought against VERIZON by plaintiff individually and on behalf of the Class.

62.     VERIZON is a "merchant" and "seller" with respect to the BlackBerry 8830 within the meaning of California Commercial Code §§ 2103 and 2104(1).

63.     Plaintiff and the Class members purchased BlackBerry 8830s from VERIZON.

64.     An implied warranty that the BlackBerry 8830s were merchantable arose by operation of law as part of the sales to plaintiff and the Class members pursuant to California

FIRST AMENDED CLASS ACTION COMPLAINT

Commercial Code §2314.

65.     A duty of good faith and fair dealing arose by operation of law as part of the negotiations and sales to plaintiff and the Class members pursuant to California Commercial Code §1304.

66.     VERIZON breached the implied warranty of merchantability and its duty of good faith and fair dealing in that the goods were not in merchantable condition when sold or at any time thereafter, *to wit*:

> (i)     the BlackBerry 8830s are not of the same quality as those generally acceptable in the trade; and
>
> (ii)    the BlackBerry 8830s are not fit for the ordinary purposes for which such goods are used; and
>
> (iii)   the BlackBerry 8830s do not measure up to the promises or facts stated on the container or label.

67.     VERIZON further breached its duty of good faith and fair dealing by failing to disclose a known material and hidden defect in the BlackBerry 8830s pursuant to California Commercial Code §2314, cmt. 3.

68.     Plaintiff and the Class members have notified VERIZON of the defects in the BlackBerry 8830s and other breach by VERIZON on or before November 30, 2007.

69.     As a result of VERIZON's breach of the implied warranty of merchantability and its duty of good faith and fair dealing, plaintiff and the Class members have suffered damages representing the cost of repair and/or the difference between the value of the BlackBerry 8830s as delivered and the value they would have had if they had been as warranted.

70.     VERIZON's breach also caused plaintiff and the Class members' incidental and consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, individually and on behalf of the Class and Subclass, prays for

FIRST AMENDED CLASS ACTION COMPLAINT

judgment and relief against VERIZON as follows:

    1.   An order certifying that the action may be maintained as a class action and that appointing plaintiff and her counsel as Class and Subclass Representative and Class and Subclass Counsel, respectively;

    2.   Restitution, rescission, and/or other similar relief;

    3.   Direct consequential, compensatory, statutory, exemplary and/or punitive damages and penalties, as appropriate for the particular Counts;

    4.   A temporary, preliminary and/or permanent order providing for equitable and injunctive relief, including, but not limited to, an order of this Court prohibiting VERIZON from refusing to immediately cease all acts of unfair competition and enjoining VERIZON from continuing to conduct business via the illegal acts or practices as alleged herein, from refusing to engage in a corrective advertising and information campaign regarding their policies, and imposing an asset freeze or constructive trust over all illegally obtained monies;

    5.   An order requiring disgorgement and/or imposing a constructive trust upon defendants' ill gotten monies and freezing defendants' assets and requiring defendants to pay restitution to plaintiff and all members of the class and to restore to the class all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice, a violation of laws, statues or regulations, or constituting unfair competition or false, untrue, deceptive or misleading advertising;

    6.   Reasonable attorneys' fees pursuant to C.C.P. Sec. 1021.5, Cal. Civ. Code Sec. 1780(d), Cal. Civ. Code Sec.1794 and/or any other statute or authority authorizing an award of attorneys' fees and costs;

    7.   Costs of this suit; and

FIRST AMENDED CLASS ACTION COMPLAINT

8.    Other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.


DATED: January _30_, 2008                    THE COHEN LAW FIRM


By:_____
Jordan M. Cohen
Roy E. LaFrancis Jr.
Attorneys for Plaintiff
TERESA WYATT, Individually and On
Behalf of All Others Similarly Situated

FIRST AMENDED CLASS ACTION COMPLAINT