1   RICHARD E. DROOYAN (State Bar No. 065672)
    Richard.Drooyan@mto.com
2   SHOSHANA E. BANNETT (State Bar No. 241977)
    Shoshana.Bannett@mto.com
3   MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
4   Thirty-Fifth Floor
    Los Angeles, CA  90071-1560
5   Telephone:     (213) 683-9100
    Facsimile:     (213) 687-3702
6
    Attorneys for Defendant
7   VERIZON WIRELESS

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  TERESA WYATT, Individually and On          CASE NO.  07 CV 2265 JM
    Behalf of All Others Similarly Situated,
12                                             ANSWER TO FIRST AMENDED CLASS
                    Plaintiff,                 ACTION COMPLAINT
13
            vs.
14
    CELLCO PARTNERSHIP, A Delaware             JUDGE:  HON. JEFFREY MILLER
15  General Partnership d/b/a VERIZON
    WIRELESS,
16
                    Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

    4310066.2                                        ANSWER TO FIRST AMENDED
                                                     CLASS ACTION COMPLAINT

1     Defendant Cellco Partnership, d/b/a/ Verizon Wireless ("Verizon Wireless"),

2    hereby answers the allegations contained in the First Amended Class Action Complaint filed by

3    Teresa Wyatt ("Plaintiff") as follows:

4                                      **NATURE OF ACTION**

5         1.      Verizon Wireless admits that it is engaged in the business of providing cellular

6    telephone services and that it offers for sale cellular telephones manufactured by other companies.

7    Verizon Wireless denies the remaining allegations of Paragraph 1 of the Complaint.

8         2.      Verizon Wireless admits that it has advertised, and continues to advertise, the

9    Blackberry 8830 for sale in conjunction with Verizon Wireless cellular service, and it is without

10   sufficient knowledge or belief as to how Research in Motion promoted the Blackberry 8830, and

11   on that basis denies such allegations.  Verizon Wireless denies the remaining allegations in

12   Paragraph 2 of the Complaint.

13        3.      Verizon Wireless admits that Verizon Wireless's customers can utilize GPS

14   navigation and tracking on the Blackberry 8830 if they subscribe to Verizon's proprietary service

15   package VZ Navigator and that it charges a fee for that service.  Verizon Wireless denies the

16   remaining allegations in the Paragraph 3 of the Complaint.

17        4.      Verizon Wireless denies the allegations in the fourth paragraph of the Complaint

18   (also number 3).

19        5.      Verizon Wireless denies the allegations in the fifth paragraph of the Complaint

20   (number 4).

21        6.      Verizon Wireless admits that Plaintiff purports to seek injunctive and equitable

22   relief and damages, fees and costs and denies the remaining allegations in the sixth paragraph of

23   the Complaint (number 5).

24                          **JURISDICTION AND VENUE**

25        7.      Verizon Wireless admits that this Court has jurisdiction over this matter, subject to

26   Verizon Wireless's right to compel arbitration of this dispute under the terms of Plaintiff's

27   customer service agreement.  Although Verizon Wireless admits that the amount in dispute

28   exceeds $5,000,000, Verizon Wireless denies any liability.

ANSWER TO FIRST AMENDED
CLASS ACTION COMPLAINT

8.      Verizon Wireless admits that the services it provided to Plaintiff involved interstate commerce.

9.      Verizon Wireless does not contest venue in this District. Verizon Wireless admits that it is registered to do business and does substantial business in this District. Verizon Wireless admits that Plaintiff and other customers purchased Blackberry 8830 cellular phones from Verizon Wireless in this District. Verizon Wireless denies the remaining allegations in Paragraph 9 of the Complaint.

## THE PARTIES

10.     Verizon Wireless lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Complaint, and on that basis denies them.

11.     Verizon Wireless admits that it is a Delaware General Partnership and that it does business as Verizon Wireless, but denies that its principal place of business is located in Bedminster, New Jersey. Verizon Wireless states that its principal place of business is Basking Ridge, New Jersey. Verizon Wireless admits that it offers mobile voice services, including push-to-talk (PTT) walkie-talkie style service, text and picture messaging, multimedia content (V CAST), and mobile Web services, but denies that it serves nearly 61 million customers nationwide. Verizon Wireless states that it serves more than 65 million customers nationwide. Verizon Wireless admits that it began operations in 2000 when Bell Atlantic and Vodafone combined their U.S. Wireless assets, including their PrimeCo partnership. Verizon Wireless admits that it gained GTE's U.S. Wireless operations when Bell Atlantic bought GTE to form Verizon Communications. Verizon Wireless also admits that Verizon Communications and Vodaphone indirectly own 55% and 45% of the company, respectively, through wholly-owned subsidiaries. Except as expressly admitted, Verizon Wireless denies the allegations in Paragraph 11.

12.     Verizon Wireless admits that it is engaged in the business of providing cellular telephone services and that it offers for sale cellular telephones manufactured by other companies throughout the United States. Verizon Wireless also admits that it is authorized to and it engaged in business in California.

13.     Paragraph 13 of the Complaint merely defines terms used in the Complaint and no response is required.

### PLAINTIFF'S CLASS ALLEGATIONS

14.     Verizon Wireless admits that Plaintiff purports to bring this case as a class action on behalf of the Class and Subclass of purchasers of the Blackberry 8830 phone from Verizon Wireless or its authorized retailers.

### NUMEROSITY OF THE CLASS

15.     Paragraph 15 of the Complaint consists of legal conclusions to which no response is required, but to the extent that these conclusions are based on factual allegations, Verizon Wireless denies those allegations.

### TYPICALITY OF CLAIMS

16.     Paragraph 16 of the Complaint consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

### EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW AND FACT

17.     Paragraph 17 of the Complaint consists of legal conclusions to which no response is necessary, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

### ADEQUATE REPRESENTATION

18.     Paragraph 18 of the Complaint consists of legal conclusions to which no response is necessary, but to the extent those conclusions are based on factual allegations, Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

19.     Paragraph 19 of the Complaint consists of legal conclusions to which no response is necessary, but to the extent those conclusions are based on factual allegations, Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

## SUPERIORITY AND SUBSTANTIAL BENEFITS OF CLASS LITIGATION

20.     Paragraph 20 of the Complaint consists of legal conclusions to which no response is necessary, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

21.     Paragraph 21 of the Complaint consists of legal conclusions to which no response is necessary, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

22.     Paragraph 22 of the Complaint consists of legal conclusions to which no response is necessary, but to the extent those conclusions are based on factual allegations, Verizon Wireless admits that it contacts customers through bills and electronic messages and denies the remaining allegations of paragraph 22.

## FACTS

23.     Verizon admits that since the spring of 2007, Verizon Wireless promoted the sale of Blackberry 8830 phones on its website and through print media, and that Exhibit 1 is a Verizon Wireless advertisement, which speaks for itself.  Verizon Wireless denies the remaining allegations in Paragraph 23 of the Complaint.

24.     Verizon Wireless admits that Research in Motion Limited ("RIM") manufactures the Blackberry 8830 Smartphone.  Verizon Wireless lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 24 of the Complaint, and on that basis denies them.

25.     Verizon Wireless admits that it advertised, promoted and marketed the Blackberry 8830 phone and that it currently offers navigational services known as VZ Navigator on the Blackberry 8830.  Verizon Wireless denies the remaining allegations in Paragraph 25 of the Complaint.

26.     Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and on that basis denies those allegations.

27.    Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and on that basis denies those allegations.

28.    Verizon Wireless admits that on May 26, 2007, Plaintiff purchased a Blackberry 8830 phone (with a two-year service plan). Verizon Wireless denies that it tampered with or altered the 8830 phone and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of the Complaint and on that basis denies those allegations.

29.    Verizon Wireless admits that the Blackberry 8830 phone that Plaintiff purchased listed E911 and "location on" functions, and that the services Verizon Wireless provided for Plaintiff's phone did not include navigation or tracking services. Verizon Wireless denies that it tampered with the 8830 phone and denies the remaining allegations of Paragraph 29 of the Complaint.

30.    Verizon Wireless denies the allegations in Paragraph 30 of the Complaint.

31.    Verizon Wireless lacks knowledge or information sufficient to form a belief as to when Plaintiff determined that she could add Verizon Wireless's VZ Navigator services, and on that basis denies those allegations. Verizon Wireless denies the remaining allegations in Paragraph 31 of the Complaint.

32.    Verizon Wireless admits that since 2007 it has advertised the Blackberry 8830 through print and electronic media. Verizon Wireless denies the remaining allegations in Paragraph 32 of the Complaint.

33.    Verizon Wireless denies the allegations of Paragraph 33 of the Complaint.

34.    Verizon Wireless denies the allegations of Paragraph 34 of the Complaint.

35.    Verizon Wireless denies the allegations of Paragraph 35 of the Complaint.

36.    Verizon Wireless denies the allegations of Paragraph 36 of the Complaint.

37.    Verizon Wireless denies the allegations of Paragraph 37 of the Complaint.

38.    Verizon Wireless denies the allegations of Paragraph 38 of the Complaint.

## COUNT 1

## Violation of Cal. Civ. Code. Sec. 1750, *et seq.* (The California Consumers Legal Remedies Act) and Comparable Consumer Protection Laws

39.    Verizon Wireless incorporates by reference each and every answer contained in Paragraphs 1-38 as if fully set forth herein.  Verizon Wireless admits that Plaintiff purports to bring Count 1 against Verizon Wireless individually and on behalf of the Subclass defined in the Complaint only.

40.    Paragraph 40 of the Complaint consists of legal conclusions to which no response is required, but to the extent that these conclusions are based on factual allegations, Verizon Wireless denies those allegations.

41.    Verizon Wireless admits that it sold the Blackberry 8830 and provided its cellular services for personal, family or household purposes.  Verizon Wireless denies the remaining allegations of Paragraph 41 of the Complaint.

42.    Verizon Wireless denies the allegations of Paragraph 42 of the Complaint.

43.    Verizon Wireless denies the allegations of Paragraph 43 of the Complaint.

44.    Verizon Wireless admits that Plaintiff seeks the damages specified in Paragraph 44 of the Complaint.  The remaining allegations consist of legal conclusions to which no response is required, but to the extent that these assertions and conclusions are based on factual allegations, Verizon Wireless denies these allegations.

## COUNT II

## Violation Of Cal. Bus & Prof. Code 17200, *et seq.* And  Comparable Consumer Protection Laws Prohibiting Unlawful, Unfair Or Fraudulent Business Acts And Practices

45.    Verizon Wireless incorporates by reference each and every answer contained in Paragraphs. 1-44 as if fully set forth herein.  Verizon Wireless admits that Plaintiff purports to bring Count 1 against Verizon Wireless individually and on behalf of the Class defined in the Complaint.

46.    Verizon Wireless denies the allegations of Paragraph 46 of the Complaint.

47.    Paragraph 47 of the Complaint consists of legal conclusions to which no response is required.

48.    Verizon Wireless denies the allegations of Paragraph 48 of the Complaint.

49.    Paragraph No. 49 consists of legal conclusions to which no response is required. Verizon Wireless denies the factual allegations of Paragraph 49 of the Complaint.

50.    Verizon Wireless denies the allegations of Paragraph 50 of the Complaint.

51.    Paragraph No. 51 consists of legal conclusions to which no response is required, but to the extent that these conclusions are based on factual allegations, Verizon Wireless denies these allegations.

52.    Verizon Wireless denies the allegations of Paragraph 52 of the Complaint.

53.    Verizon Wireless admits that Plaintiff purports to seek and orders from the court and Verizon Wireless denies the remaining allegations of Paragraph 53 of the Complaint.

## COUNT III

## Violation Of Cal. Civ. Code Sec. 1790 *et seq.* (The Song-Berverly Consumer Warranty Act) and Comparable Consumer Protection Laws

54.    Verizon Wireless incorporates by reference each and every answer contained in Paragraphs 1-53 as if fully set forth herein.  Verizon Wireless admits that Plaintiff purports to bring Count III on behalf of herself individually and on behalf the purported Subclass.

55.    Paragraph 55 of the Complaint consists of legal conclusions to which no response is required.

56.    Paragraph 56 of the Complaint consists of legal conclusions to which no response is required.

57.    Paragraph 57 of the Complaint consists of legal conclusions to which no response is required.

58.    Verizon Wireless denies the allegations of Paragraph 58 of the Complaint.

59.    Verizon Wireless denies the allegations of Paragraph 59 of the Complaint.

60.    Verizon Wireless denies the allegations of Paragraph 60 of the Complaint.

## COUNT IV

## Breach Of Implied Warranty And Duty Of Good Faith, Cal. Comm. Code S. 2314, 1304

## And Other Comparable U.C.C. Provisions

61.     Verizon Wireless incorporates by reference each and every answer contained in Paragraphs 1-60 as if fully set forth herein.  Verizon Wireless admits that Plaintiff purports to bring this Count individually and on behalf of the Class as defined in the Complaint.

62.     Paragraph 62 of the Complaint consists of legal conclusions to which no response is required.

63.     Verizon Wireless admits that Plaintiff purchased a Blackberry 8830 from Verizon Wireless and that she purports to bring this cause of action on behalf of others who purchased the Blackberry 8830 from Verizon Wireless.

64.     Paragraph 64 of the Complaint consists of legal conclusions to which no response is required.

65.     Paragraph 65 of the Complaint consists of legal conclusions to which no response is required.

66.     Verizon Wireless denies the allegations of Paragraph 66 of the Complaint.

67.     Verizon Wireless denies the allegations of Paragraph 67 of the Complaint.

68.     Verizon Wireless admits that Plaintiff purported to send a notice to Verizon Wireless about the Blackberry 8830, and denies the remaining allegations in Paragraph 68 of the Complaint.

69.     Verizon Wireless denies the allegations of Paragraph 69 of the Complaint.

70.     Verizon Wireless denies the allegations of Paragraph 70 of the Complaint.

## DENIAL OF PRAYER FOR RELIEF

1.     Verizon Wireless denies that Plaintiff is entitled to be awarded any of the relief sought in its prayer for relief against Verizon Wireless.  Plaintiff is not entitled to recover damages, restitution, punitive damages, injunction, an order requiring disgorgement, a constructive trust or any other type of recovery from Verizon Wireless.  Plaintiff's prayer should, therefore, be denied in its entirety with prejudice.  Verizon Wireless asks that judgment be

1    entered for it and that it should be awarded attorneys' fees in defending against the complaint

2    together with such other and further relief the Court deems just and proper.

3 **AFFIRMATIVE DEFENSES**

4 **AFFIRMATIVE DEFENSE ONE**

5        Plaintiff's claims are subject to a written arbitration agreement and therefore

6    Plaintiff should be compelled to arbitrate her claims against Verizon Wireless. To the extent

7    Plaintiff has any claim(s) that fall outside the scope of the arbitration agreement, litigation of such

8    claim(s) should be stayed pending the arbitration of all arbitrable claims.

9 **AFFIRMATIVE DEFENSE TWO**

10        Plaintiff's claims against Verizon Wireless are barred, in whole or in part, by the

11    doctrine of waiver.

12 **AFFIRMATIVE DEFENSE THREE**

13        Plaintiff's claims against Verizon Wireless are barred, in whole or in part, by the

14    doctrine of estoppel.

15 **AFFIRMATIVE DEFENSE FOUR**

16        Any relief sought by Plaintiff under any purported cause of action of the

17    Complaint is barred by her failure to take reasonable and necessary steps incumbent upon her to

18    mitigate or eliminate the damages of which she complains.

19 **AFFIRMATIVE DEFENSE FIVE**

20        To the extent that Plaintiff suffered any damages in the matters alleged, such

21    damages were proximately caused by persons, entities, and/or factors or events other than

22    Verizon Wireless and for which Verizon Wireless was and is not responsible.

23 **AFFIRMATIVE DEFENSE SIX**

24        Any statements made or actions taken by Verizon Wireless were truthful and

25    accurate and not likely to mislead or deceive Plaintiff.

26 **AFFIRMATIVE DEFENSE SEVEN**

27        Plaintiff's claims are barred, in whole or in part, because Verizon Wireless's

28    conduct has at all times been undertaken with legitimate business justification and in reasonable

1   reliance and good faith belief in the lawfulness of its actions.

## AFFIRMATIVE DEFENSE EIGHT

The imposition of punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution, the Excessive Files Clause of the Eighth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution, and the Contracts Clauses of the United States Constitution and the California Constitution.

## AFFIRMATIVE DEFENSE NINE

To the extent that Plaintiff purports to seek relief on behalf of any person who has not suffered any damages, the complaint violates the right of Verizon Wireless to due process under the United States and California Constitutions.

## AFFIRMATIVE DEFENSE TEN

This case is not appropriate for class treatment.

## AFFIRMATIVE DEFENSE ELEVEN

Plaintiff is not a proper representative to bring this action on behalf of any proposed class.

## AFFIRMATIVE DEFENSE TWELVE

Plaintiff is not entitled to equitable relief because she has adequate remedies at law, and no threat of harm exists to support a grant of injunctive relief.

## AFFIRMATIVE DEFENSE THIRTEEN

The complaint fails to state facts sufficient to constitute a claim against Verizon Wireless upon which relief can be granted.

## AFFIRMATIVE DEFENSE FOURTEEN

Plaintiff's claims are barred, in whole or in part, because she lacks standing to assert any of the causes of action alleged in the complaint.

## AFFIRMATIVE DEFENSE FIFTEEN

Plaintiff has enjoyed the benefits of one or more of the products or services that are the subject of the complaint, and therefore is barred from making one or more of the claims

1    for relief set out in the complaint.

2    **AFFIRMATIVE DEFENSE SIXTEEN**

3              Plaintiff's claims are barred, in whole or in part, by the voluntary payment

4    doctrine.

5    **AFFIRMATIVE DEFENSE SEVENTEEN**

6              Verizon Wireless intends to rely on any additional affirmative defenses which

7    become available or apparent during discovery, and thus reserves the right to amend this Answer

8    to assert such additional defenses.

9

10   DATED: February  29, 2008                    Munger, Tolles & Olson LLP
                                                  RICHARD E. DROOYAN
11                                                SHOSHANA E. BANNETT

12

13                                                By:    /s/ Richard E. Drooyan_____

14                                                Attorneys for Defendant
                                                  VERIZON WIRELESS
15

16

17

18

19

20

21

22

23

24

25

26

27

28

4310066.2                          - 12 -                  ANSWER TO FIRST AMENDED
                                                           CLASS ACTION COMPLAINT

1

## CERTIFICATE OF SERVICE

2

      I hereby certify that this document(s) filed through the ECF system will be sent

3

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 29,

4

2008.

5

Date:  February 29, 2008.

6

                                           /s/ Richard E. Drooyan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4310066.2