RICHARD E. DROOYAN (State Bar No. 065672)
Richard.Drooyan@mto.com
SHOSHANA E. BANNETT (State Bar No. 241977)
Shoshana.Bannett@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant
CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Teresa Wyatt, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>Cellco Partnership, A Delaware General Partnership d/b/a Verizon Wireless,<br><br>Defendant. | CASE NO.  07 CV 2265 JM (CAB)<br><br>MOTION TO COMPEL ARBITRATION<br><br>Date:   April 7, 2008<br>Time:   10 a.m.<br>Judge:  Hon. Jeffrey Miller |

4351391.2

MOTION TO COMPEL ARBITRATION 07
CV 2265 JM (CAB)

TO PLAINTIFF TERESA WYATT AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on April 7, 2008 at 10 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Hon. Jeffrey Miller, United States District Court, located at 940 Front Street, San Diego, California, Defendant Cellco Partnership doing business at Verizon Wireless ("Verizon Wireless") will and hereby does move for an Order compelling Plaintiff Teresa Wyatt to arbitrate her claims in this case pursuant to her customer service agreement with Verizon Wireless. This Motion is based upon all pleadings and documents on file in this case, the attached Memorandum of Points and Authorities, the declaration of Sanae E. Mageo submitted herewith, and such argument as may be considered by the Court at the hearing on the Motion.

DATED: February 29, 2008

MUNGER, TOLLES & OLSON LLP
RICHARD E. DROOYAN
SHOSHANA E. BANNETT

By: _____/s/ Richard E. Drooyan_____

Attorneys for Defendant
CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

By this Motion, Defendant Cellco Partnership, doing business as Verizon Wireless ("Verizon Wireless") seeks to preserve its rights to compel Plaintiff Teresa Wyatt to arbitrate her individual claims against Verizon Wireless pursuant to the terms of her Customer Service Agreement, which precludes class-wide arbitration. Verizon Wireless acknowledges that the Ninth Circuit has found other consumer arbitration agreements with class action waivers unconscionable under California law and held that federal law does not preempt the application of California law to revoke such agreements. *Shroyer v. New Cingular Wireless Services, Inc.* 498 F.3d 976 (9th Cir. 2007). Accordingly, Verizon Wireless presents its arguments here for the purpose of preserving them for an appeal to the Ninth Circuit *en banc* or to the United States Supreme Court to resolve a conflict with the Third Circuit's recent decision in *Gay v. CreditInform*, 511 F.3d. 369 (3rd Cir. 2007). *See Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1222 n.3 (9th Cir. 2008) (declining to follow the Third Circuit's decision in *Gay*).[1] Notwithstanding the Ninth Circuit's contrary decisions, Verizon Wireless believes that federal law obligates Plaintiff to arbitrate her claims on an individual basis, and it intends to seek the appropriate appellate review of its arguments.

## II.    BACKGROUND AND FACTS

Plaintiff Teresa Wyatt is a Verizon Wireless customer who purchased a Blackberry 8830 cellular phone on May 26, 2007. First Amended Complaint ("FAC"), ¶ 28. She alleges, in sum, that "Verizon Wireless wrongfully deceived its customers by advertising and selling" the 8830 phone with the "express and implied promise that these phones . . . had a built-in Global Positioning System," which it did not in fact have. FAC, ¶ 1. The Agreement that Plaintiff signed at the time of purchasing her phone provides, in pertinent part, as follows:

---

[1] This issue is currently pending on a petition for a writ of certiorari to the United States Supreme Court. Petition for Writ of Certiorari, *T-Mobile USA, Inc. v. Laster*, No. 07-976 (Jan. 23, 2008).

>I AGREE TO THE CURRENT VERSION WIRELESS CUSTOMER AGREEMENT (CA) INCLUDING THE CALLING PLAN. . .AND OTHER TERMS AND CONDITIONS FOR SERVICES AND SELECTED FEATURES I HAVE AGREED TO PURCHASE AS REFLECTED ON THE RECEIPT AND WHICH HAVE BEEN PRESENTED TO ME BY THE SALES REP. AND WHICH I HAVE HAD AN OPPORTUNITY TO REVIEW. I UNDERSTAND THAT. I AM AGREEING TO. . . SETTLEMENT OF DISPUTES BY ARBITRATION AND OTHER MEANS INSTEAD OF JURY TRIAL AND OTHER IMPORTANT TERMS IN THE CA.

Declaration of Sanae E. Mageo (Mageo Dec.), ¶ 1, Exh. 1.

The Customer Agreement Terms & Conditions that Plaintiff accepted when she signed the Agreement provide for arbitration as follows:

>**Dispute Resolution and Mandatory Arbitration**
>
>**WE EACH AGREE TO SETTLE DISPUTES . . . ONLY BY ARBITRATION AND THERE IS NO JUDGE OR JURY IN ARBITRATION AND REVIEW IS LIMITED, BUT AN ARBITRATOR CAN AWARD THE SAME DAMAGES AND RELIEF AND MUST HONOR THE SAME LIMITATIONS IN THIS AGREEMENT AS A COURT WOULD. IF AN APPLICABLE STATUTE PROVIDES FOR AN AWARD OF ATTORNEY'S FEES, AN ARBITRATOR CAN AWARD THEM. WE ALSO EACH AGREE TO THE FULLEST EXTENT PERMITTED BY LAW, THAT:**
>
>(1) THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT. EXCEPT FOR QUALIFYING SMALL CLAIMS COURT CASES, ANY CONTROVERSY OR CLAIM ARISING OUT OR RELATED TO THIS AGREEMENT. . .OR ANY PRODUCT OR SERVICE PROVIDED UNDER OR IN CONNECTION WITH THIS AGREEMENT. . . OR ANY ADVERTISING FOR SUCH PRODUCTS OR SERVICES WILL BE SETTLED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA") OR BETTER BUSINESS BUREAU ("BBB").
>
>\* \* \*
>
>(3) YOU CAN OBTAIN PROCEDURES, RULES AND FEE INFORMATION FROM THE AAA (WWW.ADR.ORG) OR THE BBB (WWW.BBB.ORG) OR US. **THIS AGREEMENT DOESN'T PERMIT CLASS ARBITRATIONS EVEN IF THOSE PROCEDURES OR RULE WOULD.**
>
>\* \* \*

> **(6) IF FOR SOME REASON, THE PROHIBITION ON CLASS ARBITRATION SET FORTH ABOVE IN SUBSECTION (3) ABOVE IS DEEMED UNENFORCEABLE, THEN THE AGREEMENT TO ARBITRATE WILL NOT APPLY. FURTHER, IF FOR ANY REASON A CLAIM PROCEEDS IN COURT RATHER THAN THROUGH ARBITRATION, WE EACH WAIVE ANY TRIAL BY JURY.**

Mageo Dec., ¶ 2, Exh. 2.

### III.   ARGUMENT

**A.   Plaintiff's Claims Fall Within the Scope of the Parties Arbitration Agreement.**

The FAA creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under federal law, courts are required to "rigorously enforce agreements to arbitrate," *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985), and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.

A motion to compel arbitration requires this Court to determine (1) whether there is a valid agreement to arbitrate and (2) if the dispute falls within the scope of the arbitration agreement. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). In this case, there is no doubt that the dispute falls within the scope of the parties' broad arbitration agreement, which encompasses any disputes over Verizon Wireless' products or the advertising of such products. Mageo Dec., ¶ 2, Exh. 2. Plaintiff's complaint is about the functionality of the 8830 cellular phone offered by Verizon Wireless and the company's advertisements regarding the functionality of that product. *E.g.*, FAC, ¶¶ 1, 2, 27 and 28. This dispute falls squarely within the scope of the parties' arbitration agreement.

### B. This Court is Bound By The Ninth Circuit's Determination That Class Action Waivers in Consumer Contracts of Adhesion Are Unconscionable Under California Law.

Whether or not there is a valid arbitration agreement is determined by reference to Section 2 of the FAA, which provides that an arbitration agreement in "a contract evidencing a transaction involving commerce. . .shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. §2. "[G]enerally applicable contract defenses" such as unconscionability "may render an arbitration provisions unenforceable." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1267 (9th Cir. 2006)

Verizon Wireless contends that its arbitration agreement with Plaintiff is valid and enforceable, and it is not unconscionable for a number of reasons, including that Plaintiff has alternative sources of supply; the agreement provides that arbitrator has the power to award her attorney's fees to which she may be entitled under applicable statues; and Verizon Wireless agrees to pay the administrative and arbitrator fees if mediation is unsuccessful. There is no "oppression or surprise due to unequal bargaining power" or an "overly harsh or one-sided result." *Discover Bank v. Superior Court of Los Angeles*, 36 Cal. 4th 148, 160 (2005). The arguments have been, however, rejected by the Ninth Circuit, which has held that other wireless service agreements are unconscionable under California law. *Shroyer v. New Cingular Wireless Services*, 498 F.3d at 985-86.

In *Shroyer*, the Ninth Circuit recognized that under California law "a contract provision is unenforceable due to unconscionability only if it is both procedurally and substantively unconscionable." 498 F.3d at 981 An arbitration agreement is unconscionable under California law "when the [class action] waiver is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money." *Id.* at 983 quoting *Discover Bank*, 36 Cal. 4th at 162. The Ninth Circuit adopted that test set forth by the

California Supreme Court in *Discover Bank* to determine that a class action waiver in the parties' arbitration agreement in a contract for cellular services was "both procedurally and substantively unconscionable and, therefore, unenforceable." 498 F.3d at 981. Based upon this precedent, Verizon Wireless agrees that the parties' arbitration agreement in this case would be deemed unconscionable under California law by the Ninth Circuit.

### C. This Court Is Bound By The Ninth Circuit's Determination That the FAA Does Not Preempt the Application of California's Law of Unconscionability to Invalidate An Arbitration Agreement Containing a Class Action Waiver.

As noted above, Section 2 of the FAA provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the *revocation* of any contract." 9 U.S.C. §2 (emphasis added). In *Perry v. Thomas*, 482 U.S. 483, 492 n. 9 (1987), the Supreme Court held that a "state-law principle that takes its meaning precisely from the fact that a contract to arbitrate is at issue does not comport with the requirements of § 2" and therefore a court cannot "rely on the uniqueness of an agreement as a basis for a state-law holding that enforcement would be unconscionable. . . ." Verizon Wireless contends that application of California's unsconsionability law to revoke the parties' agreement would run afoul of these principles. Although the Third Circuit agrees, the Ninth Circuit disagrees.

In *Shroyer,* the Ninth Circuit held that the FAA "does not bar federal or state courts from applying generally applicable state contract law principles and refusing to enforce an unconscionable class action waiver in an arbitration clause." 498 F.3d at 987. In that case, defendant New Cingular Wireless Services'("Cingular") argued that a finding that the arbitration clause was unconscionable under California law was preempted by the FAA because it would "'subject arbitration clauses to special scrutiny,' [cite omitted] and, therefore, results in preemption under the rule set forth in *Perry v. Thomas*, 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed. 2d 426 (1987)[.]" *Shroyer* , 498 F.3d at 987-88. The Ninth Circuit rejected Cingular's "express preemption argument" and re-affirmed its prior decisions that unconscionability was a "generally

applicable contract defense [that] may be applied to invalidate an arbitration agreement without contravening § 2 of the FAA." *Id.* (quoting *Ting v. A.T.T.,* 319 F.3d 1126, 1150 n. 15 (9th Cir. 2003)).

The Court in *Shroyer* also observed that "applying California's generally applicable contract law to refuse enforcement of the unconscionability class action waiver did "not stand as an obstacle to the purposes or objectives of the Federal Arbitration Act." Accordingly, the Court held that California law is "not impliedly preempted" by the FAA. 498 F.3d at 993.

Soon after the Ninth Circuit's decision in *Shroyer,* the Third Circuit reached a contrary conclusion in *Gay v. CreditInform.* In *Gay,* the Third Circuit held that to the extent Pennsylvania state court decisions hold that "the inclusion of a waiver of the right to bring judicial class actions in an arbitration agreement constitutes an unconscionable contract, they are not based 'upon such grounds as exist at law or in equity for the revocation of *any* contract' pursuant to section 2 of the FAA, and therefore cannot prevent the enforcement of the arbitration provision in this case. . . . [T]here is no escape from the fact that [the Pennsylvania cases] deal with agreements to arbitrate, rather than with contracts in general, and thus they are not in harmony with *Perry*." *Gay,* 511 F.3d at 394-95.[2]

We recognize that this Court is bound by Ninth Circuit precedent holding the application of California's unconscionability defense to invalidate class action arbitration waivers does not violate section 2 of the FAA. Accordingly, Verizon Wireless's argument to the contrary is

//
//
//
//
//

---

[2] Although the Ninth Circuit distinguished *Gay* on state law grounds, *Lowden,* 512 F.3d at 1221 n.3, we believe there is now a clear circuit split on whether application of a state's law of unconscionability to revoke an arbitration agreement runs afoul of the Supreme Court's decision in *Perry.*

presented solely for the purposes of preserving it for an appeal to the Ninth Circuit en banc or the United States Supreme Court to resolve the circuit split.

DATED: February 29, 2008

MUNGER, TOLLES & OLSON LLP
RICHARD E. DROOYAN
SHOSHANA E. BANNETT

By: /s/ Richard E. Drooyan

Attorneys for Defendant
CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 29, 2008.

Date: February 29, 2008.

/s/ Richard E. Drooyan

4351391.2

MOTION TO COMPEL ARBITRATION 07 CV 2265 JM (CAB)