Jordan M. Cohen (State Bar No. 167678)
Email: jcohen@thecohenlawfirm.net
Roy E. LaFrancis, Jr. (State Bar No. 213363)
Email: rlafrancis@thecohenlawfirm.net
THE COHEN LAW FIRM
10650 Treena Street, Suite 203
San Diego, California 92131
Telephone 858-689-4736
Facsimile 858-689-9278

Attorneys for Plaintiff
TERESA WYATT, Individually and On
Behalf of All Others Similarly Situated

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA WYATT, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>CELLCO PARTNERSHIP, A Delaware General Partnership d/b/a VERIZON WIRELESS,<br><br>          Defendant. | Case No.: 07 CV 2265 JM (CAB)<br><br>**CLASS ACTION**<br><br>OBJECTIONS TO RULING AND REQUEST FOR RECONSIDERATION BY DISTRICT COURT OF MAGISTRATE JUDGE'S RULING<br><br>[Fed.R.Civ.P. 72(a)] |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: Plaintiff, TERESA WYATT

["WYATT"], hereby objects to the April 14, 2008 ruling of Magistrate Judge Cathy Ann

Bencivengo, denying WYATT's request for leave to conduct limited discovery regarding

Defendant's Motion to Compel Arbitration.

WYATT's objections and request are submitted pursuant to Federal Rule of Civil Procedure

72(a) and are based upon the following facts.

////

1

Leave is required to conduct discovery prior to the and Rule 26(f) conference. Fed.R.Civ.P. 26(d). At the recent ENE Conference, and as instructed by the Court's clerk, WYATT requested the Court grant leave for limited discovery. (WYATT previously attempted to file an *ex parte application* regarding this request, but filing was denied by the Clerk of Court.) The Magistrate Judge denied WYATT's request, stating that "all discovery would proceed according to the discovery plan in every case and we can start discovery at that time." WYATT's opposition to the motion to compel, however, was and is due well in advance of the first date to conduct discovery. WYATT has, therefore, been denied the opportunity to fully and fairly oppose Defendant's motion. As described below, the Magistrate Judge abused her discretion in denying early and limited discovery necessary to fairly oppose the motion.

WYATT attaches hereto, as Exhibits 1 and 2, copies of the proposed written discovery.

Although defendant has candidly admitted in its Motion to Compel Arbitration that it has no real chance for success given the state of the law in the Ninth Circuit Court of Appeals, discovery is still necessary. Defendant has stated it wishes to preserve the arbitration issue should the state of the law change. Plaintiff, too, wishes to make and preserve an appropriate record.

Courts have routinely allowed discovery regarding motions to compel arbitration and found that discovery was essential to a fair opposition to such motions. *See, e.g., Ting v. AT&T*, 182 F.Supp. 902, 934 (N.D.Cal. 2002)(noting that much of the plaintiffs' evidence for successfully opposing the motion to compel arbitration was "gleaned from discovery") *aff'd in relevant part*, 319 F.3d 1126 (9th Cir. 2003); *Blair v. Scott Specialty Gases*, 283 F.3d 595, 609 (3d. Cir. 2002)(requiring discovery); *Berger v. Cantor Fitzgerald Securities*, 942 F.Supp. 963, 966 (S.D.N.Y. 1996)(holding discovery necessary); *Toppings v. Meritech Mortgages Services, Inc.*, 140 F.Supp.2d 683, 685 (S.D.W.Va. 2001)(same); *Dunn Shipping LTD v. Amareda Hess Shipping Corp.*, 234

2

F.Supp.2d 291, 294 (S.D.N.Y. 2002); *Badie v. Bank of America, N.A.*, 67 Cal.App.4th 779 (1998). Plaintiff simply wants the same chance to fully oppose this motion as provided in these cases.

Under the Federal Arbitration Act ("FAA"), "generally applicable contract law defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). WYATT wishes to argue, among other things, that Defendant's arbitration clauses violate public policy and are unenforceable because they reflect a vast disparity in knowledge, bargaining power and economic sophistication between the parties, and because the clauses are unreasonably one-sided in favor of Defendant. Plaintiff's arguments on enforceability require factual development, and discovery will therefore substantially aid the Court in its task to determine the validity of the arbitration clauses. Areas of inquiry include:   1) the practice and procedure of the arbitration boards proposed and the exculpatory nature of the clauses, 2) the results of similar arbitrations the exculpatory nature of the clauses, 3) the economic influence of Defendant over these arbitrators and arbitrator bias, 4) the interpretation and use of arbitration and arbitration clauses by Defendant and its subjective knowledge and intent; 5)  available alternatives to the consumer and inquiries into the absence of meaningful choice for consumers; 6) the facts surrounding assent to arbitration and unfair surprise; 7) the Defendant's mediation program; and 8) requests for copies of Defendant's arbitration clauses, etc.   WYATT also requests leave to conduct limited third-party discovery and Defendant depositions, depending upon the answers to written discovery.

Discovery, in addition, may reveal grounds for opposition heretofore unanticipated. Many commentators and scholars have noted that plaintiffs will suffer substantial prejudice if denied the opportunity to conduct discovery on unconscionability and other issues. See Jean R. Sternlight & Elizabeth J. Jensen, *Using Arbitration Clauses to Eliminate Consumer Class Actions: Efficient*

3

*Business Practice or Unconscionable Clause?*, 67 Law & Contemporary Probs. 75, 100 (2004)(citing *Ting* case, *supra*, as evidence of the need for "extensive discovery"); James C. Sturdevant, *The Critical Importance of Creating an Evidentiary Record to Prove that a Mandatory, Pre-Dispute Arbitration Clause is Unconscionable*, Forum, at 18 (Oct. 2002)(describing how discovery evidence is crucial and citing examples regarding California unconscionability standards at issue here).

Based on all of the above, WYATT respectfully requests the District Court reconsider the ruling of the Magistrate Judge to deny discovery, sustain WYATT's objection, and grant leave to propound the submitted discovery.

DATED: April 18, 2008                    THE COHEN LAW FIRM


                                         By:    /s/ Roy E. LaFrancis Jr.
                                                Jordan M. Cohen
                                                Roy E. LaFrancis Jr.
                                                Attorneys for Plaintiff
                                                TERESA WYATT, Individually and On
                                                Behalf of All Others Similarly Situated

Objections to Ruling and Request for Reconsideration by District Court of Magistrate Judge's Ruling

07 CV 02265 JM (CAB)

# EXHIBIT "1"

1  Jordan M. Cohen (State Bar No. 167678)
   Email: jcohen@thecohenlawfirm.net
2  Roy E. LaFrancis, Jr. (State Bar No. 213363)
   Email: rlafrancis@thecohenlawfirm.net
3  THE COHEN LAW FIRM
   10650 Treena Street, Suite 203
4  San Diego, California 92131
   Telephone 858-689-4736
5  Facsimile 858-689-9278

6  Attorneys for Plaintiff
   TERESA WYATT, Individually and On
7  Behalf of All Others Similarly Situated

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 TERESA WYATT, Individually and On          CASE NO.:   07 CV 2265 JM (CAB)
   Behalf of All Others Similarly Situated,
12
                        Plaintiff,             **CLASS ACTION**
13
   vs.                                         PLAINTIFF'S SPECIAL INTERROGATORIES
14                                             PROPOUNDED TO DEFENDANT CELLCO
   CELLCO PARTNERSHIP, a Delaware              PARTNERSHIP
15 General Partnership d/b/a VERIZON
   WIRELESS,                                   [SET ONE]
16
                        Defendant.
17

18 PROPOUNDING PARTY:        Plaintiff, TERESA WYATT

19 RESPONDING PARTY:         Defendant, CELLCO PARTNERSHIP

20 SET NO.:                  ONE

21      PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, Rule 33,

22 plaintiff hereby formally requests that defendant Lexington Insurance Company answer the

23 following interrogatories in writing and under oath within thirty (30) days from the date of

24 service hereof:

25      In answering these Interrogatories, please furnish all information that is available to you

26 or within your control, including information in the possession of your attorneys or investigators

27 for you or your attorneys, not merely information known to you or of your own personal

28 knowledge.  If you cannot answer the following Interrogatories in full, after exercising due

1  diligence to secure the information, so state and answer to the extent possible, specifying your

2  inability to answer the remainder and stating whatever information or knowledge you have

3  concerning the unanswered portion.

4  **I.     RELEVANT TIME PERIOD**

5  The relevant time period for these interrogatories is for the period from January 1, 2004

6  to the present.

7  **II.     SPECIAL INTERROGATORIES**

8  **INTERROGATORY NO. 1:**

9  Identify the name, address, telephone number and relationship to YOU (AYOU@ and

10 AYOUR@ means the party responding to these requests means and includes YOUR directors,

11 officers, agents, employees, attorneys, accountants and any related entity, predecessor, parent,

12 subsidiary and/or affiliate, or any person or entity acting or purporting to act on its behalf.) of

13 each PERSON (APERSON@ means any natural, business, legal or governmental entity or

14 association) who prepared or assisted in the preparation of the responses to these interrogatories.

15 (Do not identify anyone who simply typed or reproduced the responses).

16 **INTERROGATORY NO. 2:**

17 Do you have an arbitration clause in YOUR contracts with CUSTOMERS?

18 (ACUSTOMER(S)@ refers to a potential or actual telecommunications subscriber or customer).

19 **INTERROGATORY NO. 3:**

20 State the date upon which YOU first began to include arbitration clauses in YOUR

21 contracts.

22 **INTERROGATORY NO. 4:**

23 Identify the name, address, telephone number of each PERSON who participated in the

24 decision to institute the use of an arbitration clause in YOUR contracts.

25 **INTERROGATORY NO. 5:**

26 Identify the name, address, telephone number of each PERSON who drafted the language

27 of any arbitration clause in YOUR contracts.

28

2

1    **INTERROGATORY NO. 6:**

2        Identify the name, address, telephone number of each PERSON who is involved in

3    educating YOUR employees with regard to any arbitration clause in YOUR contracts.

4    **INTERROGATORY NO. 7:**

5        If any of the PERSONS identified in YOUR response to Interrogatory No. 4 are

6    employed by YOU, state the nature of the employment relationship, the present position of the

7    PERSON, and how long that PERSON has been in YOUR employ.

8    **INTERROGATORY NO. 8:**

9        If any of the PERSONS identified in YOUR response to Interrogatory No. 5 are

10   employed by YOU, state the nature of the employment relationship, the present position of the

11   PERSON, and how long that PERSON has been in YOUR employ.

12   **INTERROGATORY NO. 9:**

13       If any of the PERSONS identified in YOUR response to Interrogatory No. 6 are

14   employed by YOU, state the nature of the employment relationship, the present position of the

15   PERSON, and how long that PERSON has been in YOUR employ.

16   **INTERROGATORY NO. 10:**

17       Who made the decision to include an arbitration clause in YOUR contracts?

18   **INTERROGATORY NO. 11:**

19       State the reasons why YOU utilize arbitration clauses in contracts with YOUR

20   CUSTOMERS?

21   **INTERROGATORY NO. 12:**

22       Who drafted the arbitration clause that forms the basis of YOUR contention that

23   plaintiffs= claims are subject to arbitration?

24   **INTERROGATORY NO. 13:**

25       Have revisions been made the arbitration clause since YOU began using it in YOUR

26   contracts?

27   **INTERROGATORY NO. 14:**

28       If YOUR answer to Interrogatory No. 13 is yes, state the date(s) each such revision was

3

1  made.

2  **INTERROGATORY NO. 15:**

3      Since you began to include an arbitration clause in YOUR contracts, have you revised

4  YOUR existing contracts to include an arbitration clause?

5  **INTERROGATORY NO. 16:**

6      If YOUR answer to Interrogatory No. 15 is yes, describe how YOU determined the most

7  effective manner in which to notify CUSTOMERS of the inclusion of the arbitration clause.

8  **INTERROGATORY NO. 17:**

9      For each year during the RELEVANT TIME PERIOD, state the number of disputes

10 between YOU and YOUR CUSTOMERS that have actually proceeded to arbitration.

11 **INTERROGATORY NO. 18:**

12     For each year during the RELEVANT TIME PERIOD, state the number of disputes

13 between YOU and YOUR CUSTOMERS in which YOU have invoked the arbitration clause.

14 **INTERROGATORY NO. 19:**

15     For each dispute that has proceeded to arbitration during the RELEVANT TIME

16 PERIOD, identify the arbitration by stating the nature of the claim, where the claim was filed, in

17 whose favor the claim was resolved, the amount of relief awarded, state the name and address of

18 the arbitrator, and the name and address of the arbitration association.

19 **INTERROGATORY NO. 20:**

20     For each dispute that has proceeded to arbitration during the RELEVANT TIME

21 PERIOD, state the expenses and fees incurred by the parties, including total administrative fees

22 (which includes the arbitration agency=s administrative fees, the arbitrator=s fees and other

23 expenses directly related to conducting the arbitration, including attorneys= fees).

24 **INTERROGATORY NO. 21:**

25     Identify all DOCUMENTS (ADOCUMENT@ or ADOCUMENTS@ shall be interpreted

26 to encompasses all forms of tangible expression, including without limitation, all written,

27 recorded, printed, typed, transcribed, filmed, digitized, or graphic matter and all other tangible

28 things and media upon which any representation can be made, and shall include originals and all

4

1  non-identical copies (whether different from the original because of notes made in or attached to

2  such copy, or otherwise), all other data compilations from which information can be obtained

3  (translated, if necessary into usable form) and any preliminary versions, drafts or revisions of any

4  the foregoing. Note:  This definition includes electronic mail)) that RELATE (A RELATE@ or

5  A RELATING@ means evidence, refer to, discuss, evaluate, consider or review) to any

6  complaints by CUSTOMERS who went through the arbitration process.

7  **INTERROGATORY NO.  22:**

8      State all facts that support YOUR contention that the claims alleged in plaintiff's

9  complaint are subject to arbitration.

10  **INTERROGATORY NO. 23:**

11      Identify all PERSONS with knowledge of the facts that support YOUR contention that

12  the claims alleged in plaintiff's complaint are subject to arbitration.

13  **INTERROGATORY NO. 24:**

14      Describe the process by which YOU instruct YOUR salespersons or agents disclose to

15  CUSTOMERS the arbitration clause in YOUR contracts.

16  **INTERROGATORY NO. 25:**

17      Identify each DOCUMENT that YOU contend discloses to CUSTOMERS the fact that

18  by transacting business with YOU the CUSTOMERS are subject to an alleged arbitration

19  agreement.

20  **INTERROGATORY NO. 26:**

21      Describe all negotiations YOU have had with YOUR CUSTOMERS concerning the

22  terms or conditions of any arbitration clause included in YOUR contracts.

23  **INTERROGATORY NO. 27:**

24      Do YOU allow YOUR CUSTOMERS to change any terms or conditions in any

25  arbitration clause included in YOUR contracts?

26  **INTERROGATORY NO. 28:**

27      If YOUR response to Interrogatory No. 27 is yes, state which terms or conditions of any

28  arbitration clause a CUSTOMER would be allowed to change.

5

**INTERROGATORY NO. 29:**

Do any of YOUR employees or agents have the authority to change the language of the arbitration clause in negotiation with a CUSTOMER?

**INTERROGATORY NO. 30:**

If YOUR response to Interrogatory No. 29 is yes, state the name, address and job title of each employee.

**INTERROGATORY NO. 31:**

Can YOUR CUSTOMERS negotiate removal of the arbitration clause used in YOUR contracts?

**INTERROGATORY NO. 32:**

Can YOUR CUSTOMERS negotiate any concession relating to their transaction with YOU in return for agreeing to the arbitration clause included in YOUR contracts?

**INTERROGATORY NO. 33:**

Would YOU enter into a contract for services with a CUSTOMER who refused to agree to arbitrate disputes?

**INTERROGATORY NO. 34:**

State the names of any arbitration association(s) of which YOU are a member.

**INTERROGATORY NO. 35:**

State the amount of any payments YOU have made to any arbitration association and the date(s) of such payments.

**INTERROGATORY NO. 36:**

Identify, including court, caption and file number, of any case filed, and the current status of that case, in which YOU have moved to compel arbitration under the arbitration clause in YOUR contracts.

**INTERROGATORY NO. 37:**

Identify, including court, caption and file number, of any case filed, and the current status of that case, in which YOU have been a party where a court has refused to enforce an arbitration clause included in YOUR contracts.

6

1   **INTERROGATORY NO. 38:**

2       Identify, including court, caption and file number, of any case filed, and the current status

3   of that case, in which YOU have been a party where a court has enforced an arbitration clause

4   included in YOUR contracts.

5   **INTERROGATORY NO. 39:**

6       Have YOU ever commenced a class action against YOUR CUSTOMERS?

7   **INTERROGATORY NO. 40.**

8       Identify any and all of your major competitors that do not have arbitration clauses in their

9   customer contracts.

10  **INTERROGATORY NO. 41**

11      Identify any and all of your major competitors that do not have class action waivers in

12  their customer contracts

13

14                          THE COHEN LAW FIRM

15  DATED:   April 18, 2008          By:   _____

16                                          Jordan M. Cohen
                                            Roy E. LaFrancis, Jr.
17                                          Attorney for Plaintiff
                                            TERESA WYATT, Individual and On
18                                          Behalf of All Others Similarly Situated

19

20

21

22

23

24

25

26

27

28

                                    7

# EXHIBIT "2"

1  Jordan M. Cohen (State Bar No. 167678)
   Email: jcohen@thecohenlawfirm.net
2  Roy E. LaFrancis, Jr. (State Bar No. 213363)
   Email: rlafrancis@thecohenlawfirm.net
3  THE COHEN LAW FIRM
   10650 Treena Street, Suite 203
4  San Diego, California 92131
   Telephone 858-689-4736
5  Facsimile 858-689-9278

6  Attorneys for Plaintiff
   TERESA WYATT, Individually and On
7  Behalf of All Others Similarly Situated

8               UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11  TERESA WYATT, Individually and On        CASE NO.:  07 CV 2265 JM (CAB)
    Behalf of All Others Similarly Situated,
12
                          Plaintiff,          CLASS ACTION
13
    vs.                                       PLAINTIFF'S REQUEST FOR PRODUCTION
14                                            OF DOCUMENTS PROPOUNDED TO
    CELLCO PARTNERSHIP, a Delaware            DEFENDANT CELLCO PARTNERSHIP
15  General Partnership d/b/a VERIZON
    WIRELESS,                                 [SET ONE]
16
                          Defendant.
17

18  PROPOUNDING PARTY:        Plaintiff, TERESA WYATT

19  RESPONDING PARTY:         Defendant, CELLCO PARTNERSHIP

20  SET NO.:                  ONE

21       PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, Rule 34,

22  plaintiff hereby formally requests you to identify, produce and permit the inspection and

23  photocopying or photographing by or on behalf of plaintiff the following designated documents

24  and other tangible things, not privileged.

25       The manner of inspection shall be personal inspection by plaintiff and its attorneys of

26  record.  The place of inspection shall be at THE COHEN LAW FIRM, 10650 Treena Street, Ste.

27  203, San Diego, California 92131.  The date for such inspection shall be _____ a.m. on

28  _____, and continuing so long as reasonably required.

1         It is not plaintiff's intention to request production of privileged matter.  If any materials

2    requested are claimed to be privileged, please list the following for each item claimed to be

3    privileged:

4         (a)     A brief description of the nature and contents of the matter claimed to be

5    privileged;

6         (b)     The name, occupation and capacity of the individual from whom the privileged

7    matter emanated;

8         (c)     The name, occupation and capacity of the individual to whom the allegedly

9    privileged matter was produced;

10        (d)     The date the item bears; and

11        (e)     The privilege claimed.

12   **I.     DEFINITIONS**

13        1.     AYOU@ and AYOUR@ means the party responding to these requests and includes

14        YOUR directors, officers, agents, employees, attorneys, accountants and any related

15        entity, predecessor, parent, subsidiary and/or affiliate, or any person or entity acting

16        or purporting to act on its behalf.

17        2.     ACUSTOMER@ refers to a potential or actual telecommunications subscriber or

18        customer.

19        3.     ACOMMUNICATION@ or ACOMMUNICATIONS@ is used in the broadest

20        possible sense and means every manner or means of disclosure, transfer or

21        exchange of information in the form of facts, ideas, inquiries or otherwise, whether

22        oral or in written, or whether face-to-face, by telephone, telecopier, mail, electronic

23        mail, facsimile, personal delivery overnight delivery or otherwise.

24        4.     ADOCUMENT@ or ADOCUMENTS@ is used in the broadest possible sense and

25        encompasses all forms of tangible expression, including without limitation, all

26        written, recorded, printed, typed, transcribed, filmed, digitized, or graphic matter

27        and all other tangible things and media upon which any representation can be made.

28

2

1    DOCUMENTS shall include originals and all non-identical copies (whether

2    different from the original because of notes made in or attached to such copy, or

3    otherwise), all other data compilations from which information can be obtained

4    (translated, if necessary into usable form) and any preliminary versions, drafts or

5    revisions of any the foregoing. <u>Note</u>: <u>This definition includes electronic mail.</u>

6    5.    AREFER@ or ARELATE@ in the context of DOCUMENTS, means all

7    DOCUMENTS that evidence, explicitly or implicitly refer to, discuss, evaluate,

8    consider, review, report on, or were created as a result of, the subject matter of the

9    request.

10    **II.    INSTRUCTIONS**

11    1.    <u>Scope of production</u>.  For purposes of these document requests, and unless

12    otherwise indicated, please produce all responsive documents in YOUR possession, custody, or

13    control.

14    2.    <u>Manner of production</u>.  Please produce all documents as they are maintained in the

15    ordinary course of business.  In the alternative, with respect to each document, please indicate

16    the person from whose files it was obtained and the name of the file from which it was obtained.

17    3.    <u>Privilege</u>.  If you claim any form of privilege as a ground for not producing any

18    document or portion thereof, please state the following:

19    (i)    the identity of each person who created, sent, or received the document or

20    any copy thereof;

21    (ii)    the date(s) the document was created, sent, and received;

22    (iii)    the general subject matter of the document;

23    (iv)    a description of the document sufficient to identify it and to evaluate the

24    privilege without revealing the information for which the privilege is claimed;

25    (v)    the number of pages of the document;

26    (vi)    the location of the document;

27    (vii)    the custodian(s) of the document;

28    (viii)    the claim of privilege or other reason to withhold the information; and

3

1          (ix)      each and every fact or basis upon which you claim any such privilege.

2      4.    Redactions.  Notwithstanding any objection on the ground of privilege, please

3  produce the portions of any such documents that are not privileged, and redact the allegedly

4  privileged portions.  The location of each redaction should be clearly noted.  No redactions can

5  be made except on grounds of privilege.  Any redactions to DOCUMENTS produced should be

6  identified in accordance with Instruction 3 above.

7      5.    If any DOCUMENT responsive to these requests was at any time in YOUR

8  possession, custody or subject to YOUR control, but now is no longer available for production,

9  state in writing whether the DOCUMENT:

10         (i)      is missing or lost;

11         (ii)     has been destroyed;

12         (iii)    has been transformed or delivered to another person or entity and at whose

13  request;

14         (iv)     has been otherwise disposed of; and

15         (v)      in each instance explain the circumstances surrounding the disposition of

16  the DOCUMENT and provide the date or approximate date of the DOCUMENT=s disposition.

17     6.    This is a continuing request for production of DOCUMENTS.  If, after making

18  YOUR initial production, YOU obtain or become aware of any further DOCUMENTS

19  responsive to this request, YOU are required to produce such additional DOCUMENTS to

20  plaintiffs.

21  **III.    RELEVANT TIME PERIOD**

22     The relevant time period for these Requests is from January 1, 2004 to the present, unless

23  otherwise indicated and shall include all DOCUMENTS and information which relate to that

24  period, even though dated, prepared, generated or received prior to or subsequent to that period.

25  **IV.    DOCUMENT REQUESTS**

26  **REQUEST NO. 1:**

27     All DOCUMENTS identified in YOUR answers to plaintiff's Special Interrogatories (Set

28  One).

4

**REQUEST NO. 2:**

Exemplars of all versions and drafts of all DOCUMENTS YOU contend require arbitration of the disputes in these coordinated actions, including all exemplars of all versions and drafts of any CUSTOMER contracts used by YOU during the relevant time period.

**REQUEST NO. 3:**

All DOCUMENTS that RELATE to any internal discussions, studies or analyses conducted by YOU or on YOUR behalf in conjunction with the drafting and implementation of any arbitration clauses or amendments thereto contained in YOUR contracts during the relevant time period, including but not limited to:

    (A)   any discussions, studies or analyses RELATING to whether the arbitration clause language was written at a reading level such that it could be understood by all of YOUR CUSTOMERS;

    (B)   any discussions, studies or analyses RELATING to the likelihood of CUSTOMERS reading and/or understanding any arbitration clause or amendment thereto; and

    (C)   any discussions, studies or analyses RELATING to the prominence of disclosure of any arbitration clause within YOUR CUSTOMER contracts or any amendments thereto.

**REQUEST NO. 4:**

All DOCUMENTS that RELATE to any discussions, studies or analyses conducted by YOU or on YOUR behalf on the financial or legal impact of the inclusion of any arbitration clause in YOUR CUSTOMER contracts, including but not limited to:

    (A)   any discussions, studies or analyses RELATING to the expected number of arbitration claims that could be brought against YOU by CUSTOMERS;

    (B)   any discussions, studies or analyses RELATING to the potential costs of arbitration to be incurred by YOU;

    (C)   any discussions, studies or analyses RELATING to the potential impact of the arbitration provisions on lawsuits to be brought against YOU, including the impact of the arbitration provisions on the number of potential class actions to be brought

5

1       against YOU; and

2       (D)   any discussions, studies or analyses RELATING to the costs of arbitration to be

3       incurred by CUSTOMERS bringing claims against YOU.

4  **REQUEST NO. 5:**

5       All DOCUMENTS that RELATE to the number of disputes between YOU and any

6  CUSTOMER, where any aspect of the dispute has been the subject of arbitration.

7  **REQUEST NO. 6:**

8       All DOCUMENTS that RELATE to all expenses, including attorneys= fees and costs,

9  incurred by YOU in resolving CUSTOMER complaints and disputes through arbitration.

10  **REQUEST NO. 7:**

11       All DOCUMENTS that RELATE to all expenses, including attorneys= fees and costs,

12  incurred by YOUR CUSTOMERS in resolving their disputes with YOU through arbitration that

13  YOU have paid.

14  **REQUEST NO. 8:**

15       All DOCUMENTS that RELATE to the selection process of arbitrators in any arbitration

16  proceedings submitted pursuant to any arbitration clause contained in the contracts with YOUR

17  CUSTOMERS.

18  **REQUEST NO. 9:**

19       All DOCUMENTS that RELATE to any arbitration proceeding brought by YOU against

20  any of YOUR CUSTOMERS during the relevant time period.

21  **REQUEST NO. 10:**

22       All DOCUMENTS that RELATE to any lawsuits brought by YOU against any of YOUR

23  CUSTOMERS during the relevant time period.

24  **REQUEST NO. 11:**

25       All DOCUMENTS that RELATE to the total number of lawsuits filed by YOUR

26  CUSTOMERS against YOU during the relevant time period, and the total number of those

27  lawsuits that were submitted to arbitration proceedings.

28

REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

1  **REQUEST NO. 12:**

2       All DOCUMENTS that RELATE to each of the lawsuits referenced in Request No. 11

3  that were submitted to arbitration including, but not limited to, DOCUMENTS that REFER to:

4       (A)   the total administrative fees, including the arbitration agency=s administrative fees,

5            the arbitrator=s fees, and other expenses that directly RELATE to conducting each

6            arbitration;

7       (B)   all fees, costs and other expenses incurred by YOU or any CUSTOMER in

8            preparing for or participating in the arbitration process, including YOUR attorneys=

9            fees and costs;

10       (C)   the amount in dispute in each arbitration;

11       (D)   the party who commenced the arbitration;

12       (E)   the outcome of each arbitration, including whether the arbitrator issued any form of

13            injunctive relief; and

14       (F)   the names of the arbitrators who conducted each arbitration.

15  **REQUEST NO. 13:**

16       All DOCUMENTS that RELATE to the number of lawsuits brought against YOU by

17  YOUR CUSTOMERS that were not submitted to arbitration proceedings.

18  **REQUEST NO. 14:**

19       All DOCUMENTS that RELATE to any motions by YOU to enforce an arbitration

20  clause that were denied by any court.

21  **REQUEST NO. 15:**

22       All DOCUMENTS that RELATE to the total number of class action lawsuits filed by

23  YOU against YOUR CUSTOMERS during the relevant time period.

24  **REQUEST NO. 16:**

25       All DOCUMENTS constituting or RELATING to any amendments to existing contracts

26  with YOUR CUSTOMERS to include an arbitration clause.

27  **REQUEST NO. 17:**

28       All DOCUMENTS used by YOU to educate or train YOUR employees or agents about

7

1   disclosure of the arbitration process.

2   **REQUEST NO. 18:**

3       All scripts, question and answer formats or other DOCUMENTS designed to inform,

4   train or be used by YOUR customer service personnel or agents in responding to CUSTOMER

5   inquiries RELATING to the arbitration process.

6   **REQUEST NO. 19:**

7       All DOCUMENTS setting forth any policies and procedures to be followed by YOUR

8   customer service representatives when a CUSTOMER requests to change, modify or remove an

9   arbitration clause from their contract with YOU.

10  **REQUEST NO. 20:**

11      All DOCUMENTS, other than YOUR contracts with CUSTOMERS, that are made

12  available to any PERSON to explain the meaning of the arbitration clause in YOUR contracts.

13  **REQUEST NO. 21:**

14      A copy of all information posted on YOUR website or on the website of any of YOUR

15  agents, during the relevant time period, that RELATES to YOUR implementation of an

16  arbitration clause in CUSTOMER contracts or to arbitration.

17  **REQUEST NO. 22:**

18      All COMMUNICATIONS with YOUR CUSTOMERS that RELATE to the arbitration

19  clause in YOUR contracts, including but not limited to DOCUMENTS that RELATE to YOUR

20  inclusion of an arbitration clause, the meaning of the arbitration clause, whether or not

21  CUSTOMERS can change or modify any part of the arbitration clause in their contracts or

22  cancel their contracts without penalty if they choose not to accept the arbitration clause, the

23  arbitration process, costs associated with arbitration and who must pay such costs, and whether

24  or not CUSTOMERS are bound by the arbitrator=s decision.

25  **REQUEST NO. 23:**

26      All DOCUMENTS produced by YOU in any lawsuit in connection with any motion

27  which YOU have sought to compel arbitration.

28  ////

8

*Business Practice or Unconscionable Clause?*, 67 Law & Contemporary Probs. 75, 100 (2004)(citing *Ting* case, *supra*, as evidence of the need for "extensive discovery"); James C. Sturdevant, *The Critical Importance of Creating an Evidentiary Record to Prove that a Mandatory, Pre-Dispute Arbitration Clause is Unconscionable*, Forum, at 18 (Oct. 2002)(describing how discovery evidence is crucial and citing examples regarding California unconscionability standards at issue here).

Based on all of the above, WYATT respectfully requests the District Court reconsider the ruling of the Magistrate Judge to deny discovery, sustain WYATT's objection, and grant leave to propound the submitted discovery.

DATED: April 18, 2008                    THE COHEN LAW FIRM


                                         By: _____
                                             Jordan M. Cohen
                                             Roy E. LaFrancis Jr.
                                             Attorneys for Plaintiff
                                             TERESA WYATT, Individually and On
                                             Behalf of All Others Similarly Situated

4

1

## <u>CERTIFICATE OF SERVICE</u>

2

     I hereby certify that this document(s) filed through the ECF system will be sent
3   electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on April 18, 2008.
4

5
Date:  April 18, 2008

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5