Jordan M. Cohen (State Bar No. 167678)
Email: jcohen@thecohenlawfirm.net
Roy E. LaFrancis, Jr. (State Bar No. 213363)
Email: rlafrancis@thecohenlawfirm.net
THE COHEN LAW FIRM
10650 Treena Street, Suite 203
San Diego, California 92131
Telephone 858-689-4736
Facsimile 858-689-9278

Attorneys for Plaintiff
TERESA WYATT, Individually and On
Behalf of All Others Similarly Situated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA WYATT, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP, A Delaware General Partnership d/b/a VERIZON WIRELESS,<br><br>　　　　Defendant. | Case No.: 07 CV 2265 JM (CAB)<br><br>**CLASS ACTION**<br><br>**PLAINTFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Date:　　May 2, 2008<br>Time:　　1:30pm<br>Judge:　　Hon. Jeffrey Miller<br>Courtroom: 16 |

I.  **INTRODUCTION AND SUMMARY OF ARGUMENT.**

Defendant admits that its motion must be denied given several clear pronouncements on all relevant questions by the Ninth Circuit Court of Appeals and the California Supreme Court, but has filed anyway as it seeks to preserve its rights in the unlikely event the law might change. It is fair to say, therefore, that defendant's motion should be denied.

In the interest of preserving a record as well, plaintiff, Ms. Teresa Wyatt (hereinafter "WYATT"), submits this opposition. WYATT notes, however, that she has been denied the

1

opportunity to fully and fairly litigate the issues as the Magistrate Judge assigned to this case denied her request to conduct discovery. WYATT is filing a formal objection to the Magistrate Judge's decision on the grounds that discovery is routinely granted to oppose motions to compel arbitration and is needed so that she might fully oppose this motion. This opposition is submitted in the event her objections are overruled.

As set forth in defendant's own briefing, <u>defendant's arbitration clause and its purported ban on class actions are both substantively and procedurally unconscionable</u>. They are, therefore, unenforceable. Defendant's clause and ban are virtually identical to those struck down in numerous state and federal cases. The Federal Arbitration Act ("FAA"), in addition, has been repeatedly held to be no obstacle to such findings.

Defendant's motion should also be denied for the independent reason that it has failed to produce a signed contract for arbitration – a most basic requirement for any motion to compel arbitration. Furthermore, defendant has failed to produce any admissible evidence on several other elements of its *prima facie* case.

Based on the arguments and evidence submitted herein, WYATT respectfully requests the Court deny defendant's motion and order the case to proceed according to the recently provided scheduling order.

## II.   BACKGROUND AND FACTS.

Verizon has intentionally deceived thousands of its customers by secretly altering the supposedly original and new Blackberry 8830 cell phones it sells. (First Amended Complaint ("FAC"), at ¶¶1-4.) Verizon secretly and intentionally crippled the Global Positioning Systems ("GPS") on these phones. (Id., at ¶2.) Whereas consumers should be receiving a Blackberry with GPS's familiar ability to get directions and maps for *free*, Verizon secretly disabled GPS to force its

customers into its own costly GPS system. (FAC at ¶¶1-4.) Even worse, Verizon did not even have its own GPS system running for months. (Id.) Finally, and adding insult to injury, Verizon lied about these facts in its advertisements and elsewhere. (Id.)

In another example of great customer service, Verizon continues to secretly stuff unfair and one-sided arbitration agreements with class action waivers into its adhesion contracts. Verizon continues to do this in California despite clear commands from the California Supreme Court and other courts for years that such waivers are unconscionable and unenforceable. *Discover Bank v. Superior Court*, 36 Cal.4th 148 (2005); *Szetela v. Disocover Bank*, 97 Cal.App.4th 1094 (2002). WYATT is one of thousands of California consumers victimized by Verizon, not just on the phone she was sold, but regarding her rights and ability to pursue her case about the phone.

WYATT never knew Verizon would claim she was subject to their arbitration clause and class action waiver. (Wyatt Decl., at ¶2.) In fact, neither she nor Verizon is apparently able to produce any signed writing regarding such clauses. (See Section III (D) below.) Nevertheless, Verizon claims they stuck an obscure reference to "settlement of disputes by arbitration and other means" on one of their receipts for the phone. The receipt *is not signed*, and it appears it has been both shortened and blown-up (in both the Exhibit and Verizon's brief) to make the reference more apparent than in original form. (Mageo Decl., Exh. 1.) Verizon also apparently admits that the actual arbitration clause does not appear until page 11 of a brochure that, WYATT believes, was inside the shrink-wrapped phone box. (Wyatt Decl. at ¶4.) Even after cutting through the shrink-wrap and wading to page 11, all the terms would not be available until she went to two different web sites to get the rules of arbitration. (Id.; Mageo Decl., Exh. 2.) These facts would constitute contractual waiver by surprise, not assent based on full and fair disclosure.

Similarly, even if a signed writing and assent were proven, Verizon admits its contract is one

of adhesion, imposed on a "take-it-or-leave-it" basis by a party of vastly superior bargaining power. (Def.'s P&A at 620-7:6.) There is also no real possibility of consumer choice even assuming consumers would be aware to look for alternatives. (LaFrancis Decl. at ¶¶2-3 (other service providers like Verizon, such as Cingular/AT&T and Sprint/Nextel, also require arbitration and ban class actions). For WYATT no other service provider sold the phone. (Wyatt Decl. at ¶5.)

Turning to the clause itself, it is decidedly unfair and one-sided. It purports to waive its customers' ability to participate in a class action which is the only way disputes over such small amounts will ever be able to be prosecuted in Court and with the essential advice of an attorney. (Mageo Decl., Exh. 2.) Notably, Verizon NEVER brings class actions against its customers, so this waiver is fully and unfairly one-sided. *See Ting v. AT&T*, 319 F.3d 1126, 1149 (9th Cir. 2003). It also unfairly purports to impose filing fees, and possibly even attorney fees, on consumers that may exceed the amounts in controversy, and purports to waive trial by jury. Finally, by attempting to make its illegal clauses severable, Verizon illegally attempts to have multiple bites at the apple and to make consumers engage in repeated attempts to strike portion after portion while leaving the Court the ability to enforce the rest. This only serves to embolden the ill-minded drafter to make its clauses as Draconian as possible. *See Lelouis v. W.Directory Co.*, 230 F.Supp.2d 1214, 1225 (D.Or. 2001); *Flores v. Transamerica Homefirst, Inc.*, 93 Cal.App.4th 846, 857 (2001). Clearly, these are one-sided, abusive provisions meant to insulate Verizon from liability for any potential wrongdoing.

### III.   ARGUMENT.

**A. Defendant Admits That Its Motion is Perfunctory and Must be Denied.**

Defendant Cellco Partnership, doing business as Verizon Wireless (hereinafter "Verizon") fully admits, as it should, that its unfair ban on class actions is unconscionable and unenforceable under the law of California and the Ninth Circuit. (Def.'s P&A at 3:3-14). Verizon also admits that this

Court is bound to follow Ninth Circuit precedent that holds federal law in no way preempts California's law holding these ubiquitous class action bans are unconscionable. (Id. at 3:3-14, 8:17-9:2.) Given Verizon's explicit admissions, the Court should simply deny defendant's motion and allow the parties to proceed with litigation according to the scheduling order set by the Magistrate Judge.

### B. Plaintiff's Have Been Denied a Full and Fair Opportunity to Conduct Relevant Discovery.

WYATT is filing objections to the Magistrate Judge's denial of discovery regarding the motion to compel arbitration. Plaintiff hereby incorporates those objections in its opposition, for the sake of brevity. It bears repeating, however, that discovery is both necessary and routinely granted for such motions. *See, e.g., Ting v. AT&T*, 182 F.Supp. 902, 934 (N.D.Cal. 2002)(noting that much of the plaintiffs' evidence for successfully opposing the motion to compel arbitration was "gleaned from discovery") *aff'd in relevant part*, 319 F.3d 1126 (9th Cir. 2003); *Blair v. Scott Specialty Gases*, 283 F.3d 595, 609 (3d. Cir. 2002) (requiring discovery); *Berger v. Cantor Fitzgerald Securities*, 942 F.Supp. 963, 966 (S.D.N.Y. 1996)(holding discovery necessary); *Toppings v. Meritech Mortgages Services, Inc.*, 140 F.Supp.2d 683, 685 (S.D.W.Va. 2001)(same); *Dunn Shipping LTD v. Amareda Hess Shipping Corp.*, 234 F.Supp.2d 291, 294 (S.D.N.Y. 2002); *Badie v. Bank of America, N.A.*, 67 Cal.App.4th 779 (1998).

### C. Defendant's Arbitration Clause is Unconscionable and Unenforceable.

The law relevant to unconscionability and the clauses Verizon seeks to enforce are clear and subject to no real dispute here. They are set forth in *Discover Bank v. Superior Court*, 36 Cal.4th 148 (2005) and *Shroyer v. New Cingular Wirelsess Serv.* 498 F.3d 976 (9th Cir. 2007). Nevertheless, Verizon attempts to at least raise, if not really argue, a few points that should be addressed.

Verizon claims plaintiff "has alternative sources of supply," but this is irrelevant. The Ninth

Circuit, in *Shroyer v. New Cingular Wireless Servs.*, 498 F.3d 976, 981 (9th Cir. 2007), rejected this defense and California courts have done the same. *Gatton v. T-Mobile USA, Inc.*, 152 Cal.App.4th 571, 582-85 (2007). Verizon submits no evidence of this fact, furthermore. WYATT, although denied discovery on this point, submits evidence that the other major service suppliers impose the same onerous provisions. (LaFrancis Decl.) Furthermore, there simply was no other service provider selling the phone she bought. (Wyatt Decl.) To deny consumers cellular service, an important service for personal safety, unless they are forced to waive important legal rights would be simply wrong.

Verizon claims the "arbitrator has the power to award [Mrs. Wyatt] attorney fees…." Notably, however, any award for statutory attorney's fees that is mandatory (such as is the case with several claims in Mrs. Wyatt's case) if brought before the Court, become only *discretionary* when brought before the arbitrator. In addition, the arbitrator's discretion is virtually unreviewable. Combine these facts with the pay-for-service nature of arbitration and the fact that Verizon will be the repeat and valued customer for the arbitrator's service, equals an unconscionably unfair situation and would effectively impede any consumer getting representation.

Verizon argues that it agrees to pay fees under condition that the consumer agrees to "mediation" conducted by a Verizon employee. They don't mention that the fees will have to be paid by the consumer up front and may be shifted back to the consumer given the eventual result. Imposing fees that could easily equal or exceed the amount sought is a huge and unconscionable disincentive to bringing the claim. *Phillips v. Associates Home Equity Services, Inc.*, 179 F.Supp.2d 840, 846 (N.D. Ill. 2001); *Higgins v. Superior Court*, 140 Cal.App.4th 1238, 1254 (2006); *Mercuro v. Superior Court*, 96 Cal.App.4th 167 (2002). The "mediation" itself is transparently a waste of time and an opportunity for Verizon to obtain one-sided discovery and intimidate the unrepresented

consumer.

Finally, and although they admit their "arguments have been…rejected by the Ninth Circuit," Verizon half-heartedly states "there is no oppression or surprise due to unequal bargaining power." Clearly, Verizon has much more bargaining power than Ms. Wyatt, even if that issue was relevant, which it is not. Based on WYATT'S account there certainly was surprise.

Verizon is silent on its unconscionable severability provision. *See Lelouis*, 230 F.Supp.2d at 1225; *Flores*, 93 Cal.App.4th at 857.

Verizon is silent regarding the unconscionable nature of arbitration secrecy it wishes to impose. *Ting*, 319 F.3d at 1152; AAA Rule 23; BBB Rule 30.

Verizon is silent as to the bias in favor of Verizon at the arbitration forums it requires, where Verizon is the valued client.

Verizon is silent whether injunctive relief is allowed under the arbitration. California Supreme Court authority dictates that, regardless of the result for other forms of relief, the injunctive relief claims should stay in Court. *Broughton v. CIGNA Healthplans*, 21 Cal.4th 1066 (1999).

**D. Defendant Has Failed to Meet Its Evidentiary Burden to Support Its Motion to Compel Arbitration, And The Motion Should Be Denied On This Independent Ground As Well.**

Defendant has to present admissible evidence of a prima facie case for compelling arbitration. It has failed to do so and its motion should be denied on this ground alone. The only evidence defendant submits is the brief declaration of Sanae A. Mageo and two, attached exhibits. Defendant has the burden to prove 1) the existence of a written agreement to arbitrate, 2) that the arbitration agreement covers the dispute, 3) the contract involves interstate or foreign commerce, 4) the existence of a dispute between the parties, and 5) the opposing party's failure or refusal to arbitrate the dispute. *Whiteside v Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991).

As a preliminary matter, defendant's declaration fails to provide the requisite personal knowledge required to authenticate either Exhibit 1 or 2. Among other problems, the declaration fails to prove either exhibit was involved in the transaction with plaintiff. F.R.E. 901-903. The declarant simply states he (or she) is "a Supervisor in the Executive Relations Department at Verizon Wireless." (Mageo Decl. at 2:2-3.) The declarant's testimony is hearsay and violates the best evidence rule. F.R.E. 1003, 801-07.

Defendant has produced an unsigned copy of an agreement to arbitrate (Exhibit 1), although the declarant makes the foundationless statement that it was "signed by Plaintiff." (Mageo Decl. at 2:7.) Plaintiff does not have a signed copy of Exhibit 1, nor does she recollect signing anything other than on a key pad to charge her debit card. (Wyatt Decl. at ¶3.) Defendant has the burden to provide a signed, written agreement and has not done so. *See Spaces, Inc. v. RPC Software, Inc.*, 2007 WL 675505 (D.Kan. March 1, 2007)(holding that party seeking to compel arbitration failed to meet its required burden when neither party had a copy of the signed document in its files); *Owen v. MBPXL Corp.*, 173 F.Supp.2d 905, 921-25 (N.D. Iowa 2001).

It should be added that Defendant does not provide any evidence to prove the requisite federal nexus for the application of the FAA. *Whiteside*, 940 F.2d at 102 (citing requirement to prove interstate or foreign commerce). Again, that is defendant's burden to prove or its motion must be denied.

////

////

////

////

////

## IV. CONCLUSION.

Based on the arguments and evidence submitted herein, WYATT respectfully requests the Court deny defendant's motion and order the case to proceed according to the recently provided scheduling order.

DATED: April 18, 2008

THE COHEN LAW FIRM

By: _____
Jordan M. Cohen
Roy E. LaFrancis Jr.
Attorneys for Plaintiff
TERESA WYATT, Individually and On Behalf of All Others Similarly Situated

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 18, 2008.

Date: April 18, 2008