RICHARD E. DROOYAN (State Bar No. 065672)
Richard.Drooyan@mto.com
SHOSHANA E. BANNETT (State Bar No. 241977)
Shoshana.Bannett@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant
CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Teresa Wyatt, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   vs.<br><br>Cellco Partnership, A Delaware General Partnership d/b/a Verizon Wireless,<br><br>          Defendant. | CASE NO. 07 CV 2265 JM (CAB)<br><br>VERIZON WIRELESS'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND OPPOSITION TO OBJECTION TO RULING AND REQUEST FOR RECONSIDERATION BY DISTRICT COURT OF MAGISTRATE JUDGE'S RULING<br><br>Date: May 2, 2008<br>Time: 10:00 a.m.<br>Judge: Hon. Jeffrey Miller |

1    In its Opening Brief, defendant Verizon Wireless acknowledged that under current Ninth Circuit law, its motion to compel arbitration must be denied, and explained that the purpose of its motion was to preserve the issue for appeal. Nonetheless, Plaintiff Teresa Wyatt filed an eight-page Opposition and a motion seeking discovery on arbitrability. Wyatt claims that (1) Verizon Wireless did not provide evidence of a written arbitration agreement; and (2) without discovery she cannot fully and fairly oppose Verizon Wireless's motion. Both claims are wrong.

First, Verizon Wireless attached two documents to its motion, which, when taken together, provide evidence of a written arbitration agreement. Verizon Wireless attached the receipt that was signed by Wyatt when she purchased her Blackberry 8830, which includes an agreement to abide by the Verizon Wireless Customer Service Agreement. (Mageo Decl. Exh. 1). Wyatt's name is typewritten on the receipt. (*Id.* at 4.) Wyatt's signature is also on the receipt, as seen on the top of page 3 of Exhibit 1. (*Id.*) The reason Wyatt's signature does not appear on the signature line is because she signed this document electronically. When the electronic data is transmitted and turned into a printed copy of the receipt, the signature appears on the top of the page. Indeed, Wyatt specifically recalls electronically signing a receipt, and she does not dispute that the receipt she signed is shown at Exhibit 1. (*See* Wyatt Decl. ¶ 3.)

Verizon Wireless also attached the Verizon Wireless Customer Service Agreement that was in effect at the time Wyatt purchased her Blackberry 8830 in May 2007. (Mageo Decl., Exh. 2.) The arbitration agreement appears on page 13 of that Customer Service Agreement. The agreement in the receipt to abide by the Customer Service Agreement and the agreement to arbitrate in the Customer Service Agreement evince a signed written agreement to arbitrate.

With respect to Wyatt's second claim that she cannot fully and fairly oppose Verizon Wireless's motion without discovery, there is simply no need to engage in any discovery at this time. Verizon Wireless does not dispute that its

4887664.1                                         - 1 -                              REPLY ISO MOT. TO COMPEL
                                                                                     ARBITRATION 07 CV 2265 JM (CAB)

1  motion must be denied under current Ninth Circuit law. Nothing more is needed to
2  oppose Verizon Wireless's motion. If the Ninth Circuit sitting *en banc* or the
3  Supreme Court reverses the denial of the motion, the case will be remanded back to
4  this Court and Plaintiff can seek discovery then. But it makes no sense to engage in
5  the time and expense of discovery when it is not, and may never be, necessary.

DATED: April 25, 2008

MUNGER, TOLLES & OLSON LLP
RICHARD E. DROOYAN
SHOSHANA E. BANNETT

By: /s/ Richard E. Drooyan

Attorneys for Defendant
CELLCO PARTNERSHIP D/B/A
VERIZON WIRELESS

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 25, 2008.

Date: April 25, 2008.

                                            /s/ Richard E. Drooyan