# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA WYATT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CELLCO PARTNERSHIP, A Delaware General Partnership d/b/a VERIZON WIRELESS,<br><br>Defendant. | CASE NO. 07 CV 2265 JM (CAB)<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION AND DENYING PLAINTIFF'S OBJECTIONS TO RULING AND REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING**<br><br>**(Doc. Nos. 11, 23)** |

Plaintiff Teresa Wyatt filed this putative class action on November 30, 2007. On January 30, 2008, she filed an amended complaint. Defendant Cellco Partnership d.b.a. Verizon Wireless now moves to compel arbitration. (Doc. no. 11.) Defendant acknowledges that the court must deny the motion under Ninth Circuit precedent and brings the motion to preserve its appellate rights. Plaintiff opposes the motion and also filed an objection to and request for reconsideration of Magistrate Judge Bencivengo's April 14, 2008 order denying Plaintiff's request for leave to conduct discovery regarding the motion to compel arbitration ("the Discovery Order"). (Docs. no. 23-26.) Defendant's reply includes an opposition to Plaintiff's objection. (Doc. no. 27.) Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion to compel arbitration and denies Plaintiff's objections to and request for

reconsideration of the Discovery Order.

**I.    BACKGROUND**

Plaintiff purchased a BlackBerry 8830 Smartphone from Defendant. When Plaintiff purchased her phone, she allegedly signed a Customer Agreement providing, in pertinent part, that disputes will be settled only by arbitration but that the agreement "doesn't permit class arbitrations even if [the procedures or rules of the American Arbitration Association or Better Business Bureau] would." (Decl. of S. Mageo in Supp. of Mot., Exh. 2 at 13.) The agreement further provides that, if the prohibition on class arbitration is deemed unenforceable, the arbitration agreement will not apply. (Decl. of S. Mageo, Exh. 2 at 13.)

In her class action complaint, Plaintiff alleges that defendant violated various California laws in connection with the advertisement and sales of the BlackBerry 8830 Smartphone.

**II.   DISCUSSION**

   **A.    Motion to Compel Arbitration**

The Federal Arbitration Act ("FAA") applies to arbitration provisions found in written agreements that evidence a transaction involving commerce. 9 U.S.C. § 2. An agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Id. The court must grant a motion to compel arbitration if (1) a valid agreement to arbitrate exists, and (2) the dispute at issue falls within the scope of that agreement. See Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). The court lacks discretion to deny a motion to compel arbitration if a valid arbitration provision exists. See 9 U.S.C. § 4; Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985).

Federal policy favors arbitration, and arbitration agreements may not be placed in a disfavored position relative to other contracts. See Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1170 (9th Cir. 2003). Nevertheless, arbitration agreements are subject to general contract defenses such as duress, fraud, and unconscionability. See Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000). "To evaluate the validity of an arbitration agreement, federal courts 'should apply ordinary state-law principles that govern the formation of contracts.'" Ingle, 328 F.3d at 1170 (citations omitted). Under California law, a contract provision is unenforceable if it is both

procedurally and substantively unconscionable.  See Armendariz, 24 Cal. 4th at 114.

Here, Defendant seeks to preserve its rights to compel Plaintiff to arbitrate her individual claims against Defendant pursuant to the terms of her Customer Agreement. Defendant acknowledges that the court must deny the motion under controlling Ninth Circuit authority, which holds that consumer arbitration agreements containing class arbitration waivers are unconscionable under California law and that the FAA does not preempt the application of California law to revoke unconscionable class arbitration waivers. See Shroyer v. New Cingular Wireless Services, Inc., 498 F.3d 976 (9th Cir. 2007). Thus, Defendant presents the arguments in its motion to preserve them for appeal. (Mot. at 3.)

As Defendant concedes and as Shroyer dictates, the motion to compel arbitration cannot succeed under Ninth Circuit law. The court therefore denies the motion.[1]

**B.     Objections to and Request for Reconsideration of Discovery Order**

A party wishing to object to a magistrate judge's nondispositive order must serve and file objections within ten days of service of the order. Fed. R. Civ. Proc. 72(a). The court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.; see also Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1173-74 (9th Cir. 1996).

At the April 14, 2008 Early Neutral Evaluation conference, Magistrate Judge Bencivengo denied Plaintiff's request for leave to conduct discovery regarding the motion to compel arbitration.[2] Plaintiff argues that the court should reconsider the Discovery Order because the order denied Plaintiff "the opportunity to fully and fairly oppose Defendant's motion" to compel arbitration. (Objections at 2.) Defendant contends that discovery is unnecessary because current Ninth Circuit law provides sufficient grounds for denying the motion to compel arbitration. Defendant also notes that, if the appeal succeeds, Plaintiff can seek discovery upon remand to this court. (Reply at 2.)

---

[1] Plaintiff urges the court to rule that the record contains insufficient evidence of a written agreement to arbitrate. (See Opp'n at 7-8.) She claims she does not recall signing the agreement. (See id., Wyatt Decl.) This request calls for adjudication of a factual dispute, which is inappropriate in the context of a motion to compel arbitration. Furthermore, controlling Ninth Circuit law provides an adequate basis for denying the motion. The court therefore denies the requested relief, without prejudice to Plaintiff's entitlement to seek determination of the issue at a later time.

[2] Plaintiff failed to provide the court with evidence of the Discovery Order other than her own assertion. Defendant does not object to Plaintiff's characterization of the order.

1    Plaintiff has not directed the court to any authority demonstrating that the Discovery Order was
2 clearly erroneous or contrary to law.  <u>See</u> Fed. R. Civ. Proc. 72(a).  To the contrary, Magistrate Judge
3 Bencivengo's ruling reasonably reflected the fact that Plaintiff can receive all appropriate discovery
4 upon any change in Ninth Circuit law regarding the enforceability of a class arbitration waiver.  The
5 court therefore denies the request to reconsider the Discovery Order, without prejudice to Plaintiff's
6 entitlement to renew her discovery request should controlling law change.

7 **III.    CONCLUSION**

8    For the foregoing reasons, the court hereby **DENIES** the motion to compel arbitration and
9 **DENIES** the objections to and request for reconsideration of the Discovery Order.

10    **IT IS SO ORDERED.**

11 DATED:  May 13, 2008

12                                              _____
                                                Hon. Jeffrey T. Miller
13                                              United States District Judge

14 cc:         All parties