RICHARD E. DROOYAN (State Bar No. 065672)
richard.drooyan@mto.com
SHOSHANA E. BANNETT (State Bar No. 241977)
shoshana.bannett@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant
VERIZON WIRELESS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA WYATT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CELLCO PARTNERSHIP, A Delaware General Partnership d/b/a VERIZON WIRELESS,<br><br>Defendant. | CASE NO. 07 CV 2265 JM<br><br>**JOINT DISCOVERY PLAN**<br><br><br>Judge:   Hon. Cathy Ann Bencivengo<br>Date:   May 22, 2008 |

The parties by and through their respective counsel, jointly submit this Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f).

### INITIAL DISCLOSURES

1. The parties started the initial disclosure process by meeting by telephone on May 8, 2008, to confer about the substance of the case.

2. Pursuant to Fed. R. Civ. P. 26(a), and the Magistrate's order, the parties agree to produce their initial disclosures by May 22, 2008.

### PRESERVATION OF DISCOVERABLE INFORMATION

3. Defendants issued a document hold memo shortly after this case was filed.

### SUBJECT MATTER OF DISCOVERY

4. The parties agree that discovery should proceed in phases and that Phase I should focus on the issue of whether the action is suitable for class treatment.

### LIMITATIONS ON DISCOVERY

5. The parties accept the limitations on discovery imposed by the Federal Rule of Civil Procedure and Local Rules.

6. Verizon Wireless has until June 12, 2008 to appeal the denial of its motion to compel arbitration. If Verizon Wireless appeals the denial of its motion to compel arbitration, it will seek a stay in this action while its appeal is pending.

### DISCOVERY OF ELECTRONICALLY STORED INFORMATION

7. The parties agree that all electronically stored information shall be produced as single-image TIFFS.

### CLAIMS OF PRIVILEGE AND ATTORNEY WORK-PRODUCT INADVERTENT PRODUCTION

8. The parties agree that inadvertent production of material that a party believes is subject to a claim of attorney-client privilege or work-product protection shall not constitute waiver of attorney-client privilege or work-product protection. If a party believes that it has, through inadvertence, produced discovery that it believes is subject to a claim of attorney-client privilege or work-product protection, the producing party or nonparty may give written notice to the receiving party that the document is subject to a claim of attorney-client privilege or work product protection and request that the document be returned to the producing party or nonparty. The receiving party shall return to the party or non party all copies of such document. Return of the document shall not constitute an admission or concession that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product protection.

### OTHER ORDERS

9. The parties agree to the entry of a protective order, attached here as Exhibit A.

## PROPOSED SCHEDULE

10. The parties have agreed to meet again to further discuss the possible resolution of this matter before the June 6, 2008 telephone conference call with Magistrate Judge Bencivengo.

11. The parties have discussed a schedule for a motion on class certification, but have not yet agreed on proposed dates. The parties will offer proposed dates at the June 6 telephone call.

DATED: May 22, 2008

Munger, Tolles & Olson LLP
 RICHARD E. DROOYAN
 SHOSHANA E. BANNETT

By: _____
 SHOSHANA E. BANNETT

Attorneys for Defendant
VERIZON WIRELESS

DATED: May 22, 2008

The Cohen Law Firm
 JORDAN M. COHEN
 ROY E. LaFRANCIS, JR.

By: _____
 JORDAN M. COHEN.

Attorneys for Plaintiff
TERESA WYATT, Individually and On
Behalf of All Others Similarly Situated